IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONALIZED USER MODEL, L.L.P., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GOOGLE, INC., ) <br> ) <br> Defendant. ) | C.A. No. 09-525-JJF <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT GOOGLE INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS TO PERSONALIZED USER MODEL, LLP'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant and counterclaimant Google Inc. ("Google") by and through the undersigned counsel, answers the Complaint for Patent Infringement ("Complaint") of plaintiff and counterdefendant Personalized User Model, LLP ("Plaintiff"), as follows:

#### Jurisdiction and Venue

1. Google admits that the Complaint is an action for alleged patent infringement under the patent laws of the United States, Title 35 of the United States Code, and admits that this Court has subject matter jurisdiction over such actions based on 28 U.S.C. §§ 1331 and 1338(a). Google denies any allegation of infringement of the patent identified in the Complaint.

2. In response to paragraph 2 of the Complaint and solely for the purposes of this case, Google states that it does not contest venue, but the interests and convenience of the parties, the public, and the courts would be better served by transferring this case to the Northern District of California. Google denies any remaining allegations in paragraph 2.

#### The Parties and Patents-In-Suit

3. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint and therefore denies them.

4. Google admits it is a Delaware corporation with its corporate headquarters and principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

5. Google admits that what appears to be a copy of United States Patent No. 6,981,040 B1 (the "'040 patent") is attached to the Complaint as Exhibit A. Google further admits that the face of what appears to be the '040 patent indicates that its title is "Automatic, Personalized Online Information and Product Services," that the named inventors are Yochai Konig, Roy Twersky, and Michael Berthold, and that the assignee is Utopy, Inc. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 5 of the Complaint and therefore denies them.

6. Google admits that what appears to be a copy of United States Patent No. 7,320,031 B2 (the "'031 patent") is attached to the Complaint as Exhibit B. Google further admits that the face of what appears to be the '031 patent indicates that its title is "Automatic, Personalized Online Information and Product Services," that the named inventors are Yochai Konig, Roy Twersky, and Michael Berthold, that the assignee is Utopy, Inc., and that the '031 patent claims to be a continuation of application No. 09/597,975, filed on June 20, 2000, now the '040 patent. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 6 of the Complaint and therefore denies them.

## Claim for Relief

7. Google incorporates its responses to the allegations of paragraphs 1 through 6 of the Complaint.

8. Google denies each and every allegation of paragraph 8 of the Complaint.

9. Google denies each and every allegation of paragraph 9 of the Complaint.

10. Google denies each and every allegation of paragraph 10 of the Complaint.

11. Google denies each and every allegation of paragraph 11 of the Complaint.

12. Google denies each and every allegation of paragraph 12 of the Complaint.

13. Google admits that it received a communication in January 2008 regarding the patents-in-suit. Google denies any remaining allegations in paragraph 13.

14. Google denies each and every allegation of paragraph 14 of the Complaint.

## Prayer for Relief

Google denies that Plaintiff is entitled to the relief sought by its Prayer for Relief, set forth on pages 3-4 of the Complaint.

### FIRST DEFENSE: Non-Infringement of the '040 Patent

Google has not infringed and does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '040 patent.

### SECOND DEFENSE: Non-Infringement of the '031 Patent

Google has not infringed and does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '031 patent.

### THIRD DEFENSE: Invalidity and/or Enforceability of the '040 Patent

The claims of the '040 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH DEFENSE: Invalidity and/or Enforceability of the '031 Patent

The claims of the '031 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FIFTH DEFENSE: Lack of Standing

On information and belief, Plaintiff lacks the standing necessary to assert the claims of the '040 patent and the '031 patent against Google.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Google ("Counterclaim-Plaintiff Google") for its Counterclaims against Personalized User Model, LLP ("Counterclaim-Defendant Personalized User Model, LLP"), alleges as follows:

### Parties

1. Counterclaim-Plaintiff Google is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA, 94043.

2. Counterclaim-Defendant Personalized User Model, LLP alleges that it is a corporation organized and existing under the laws of the state of Texas with its principal place of business in New York, NY.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and by virtue of Counterclaim-Defendant Personalized User Model, LLP's admissions in the Complaint that venue is proper in this district. However, the interests and convenience of the parties, the public, and the courts would be better served by transferring this case to the Northern District of California.

4

## COUNT I: Declaratory Judgment of Non-Infringement of the '040 Patent

5. Counterclaim-Plaintiff Google incorporates the allegations in paragraphs 1 through 14 of the answer and defenses herein and paragraphs 1 through 4 of these counterclaims as if fully set forth herein.

6. Counterclaim-Defendant Personalized User Model, LLP claims to be the owner of the '040 patent.

7. Counterclaim-Defendant Personalized User Model, LLP has initiated a civil action against Counterclaim-Plaintiff Google by filing the Complaint in this Court alleging that Counterclaim-Plaintiff Google has infringed one or more claims of the '040 patent.

8. Counterclaim-Plaintiff Google has not infringed and does not infringe any valid and enforceable claim of the '040 patent.

## COUNT II: Declaratory Judgment of Non-Infringement of the '031 Patent

9. Counterclaim-Plaintiff Google incorporates the allegations in paragraphs 1 through 14 of the answer and defenses herein and paragraphs 1 through 8 of these counterclaims as if fully set forth herein.

10. Counterclaim-Defendant Personalized User Model, LLP claims to be the owner of the '031 patent.

11. Counterclaim-Defendant Personalized User Model, LLP has initiated a civil action against Counterclaim-Plaintiff Google by filing the Complaint in this Court alleging that Counterclaim-Plaintiff Google has infringed one or more claims of the '031 patent.

12. Counterclaim-Plaintiff Google has not infringed and does not infringe any valid and enforceable claim of the '031 patent.

## COUNT III: Declaratory Judgment of Invalidity and/or Unenforceability of the '040 Patent

13. Counterclaim-Plaintiff Google incorporates the allegations in paragraphs 1 through 14 of the answer and defenses herein and paragraphs 1 through 12 of these counterclaims as if fully set forth herein.

14. The '040 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT IV: Declaratory Judgment of Invalidity and/or Unenforceability of the '031 Patent

15. Counterclaim-Plaintiff Google incorporates the allegations in paragraphs 1 through 14 of the answer and defenses herein and paragraphs 1 through 14 of these counterclaims as if fully set forth herein.

16. The '031 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## EXCEPTIONAL CASE

17. On information and belief, this is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the '040 and '031 patents against Google with the knowledge that Google does not infringe any valid or enforceable claim of the '040 and '031 patents and/or that the '040 and '031 patents are invalid and/or unenforceable.

## RELIEF REQUESTED

WHEREFORE, Google respectfully requests the following relief:

1. A judgment in favor of Google denying Plaintiff all relief requested in this action and dismissing Plaintiff's Complaint for patent infringement with prejudice;

2. A judgment declaring that each claim of the '040 patent is invalid and/or unenforceable;

3. A judgment declaring that each claim of the '031 patent is invalid and/or unenforceable;

4. A judgment declaring that Google has not infringed and is not infringing any valid and/or enforceable claim of the '040 patent, and that Google has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '040 patent;

5. A judgment declaring that Google has not infringed and is not infringing any valid and/or enforceable claim of the '031 patent, and that Google has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '031 patent;

6. A judgment declaring that Google has not willfully infringed and is not willfully infringing any valid and/or enforceable claim of the '040 patent.

7. A judgment declaring that Google has not willfully infringed and is not willfully infringing any valid and/or enforceable claim of the '031 patent.

8. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Google its costs, expenses, and reasonable attorneys' fees; and

9. That the Court award Google such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Charles K. Verhoeven
David A. Perlson
Brian C. Cannon
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Tel.: (650) 801-5000

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

Dated: September 8, 2009
932290 / 34638

*Attorneys for Defendant Google, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 8, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 8, 2009, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Jeremy A. Tigan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Fl.
P.O. Box 1347
Wilmington, DE 19899-1347
klouden@mnat.com
jtigan@mnat.com

Marc S. Friedman
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089
mfriedman@sonnenschein.com

Yar R. Chaikovsky
Jimmy M. Shin
Jennifer D. Bennett
Sonnenschein Nath & Rosenthal LLP
1530 Page Mill Road, Ste. 200
Palo Alto, CA 94304-1125
ychaikovsky@sonnenschein.com
jshin@sonnenschein.com
jbennett@sonnenschein.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

932168 / 34638