IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONALIZED USER MODEL, L.L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 09-525-JJF |
| ) | |
| GOOGLE, INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

### GOOGLE'S MOTION TO TRANSFER
### VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

OF COUNSEL:

Charles K. Verhoeven
David A. Perlson
Brian C. Cannon
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Tel.: (650) 801-5000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Defendant Google, Inc.*

Dated: September 8, 2009
932295/ 34638

## Introduction

In this case, Personalized User Model, LLP ("PUM") accuses Google's advertising and personalized search services of infringing two patents. Google respectfully moves this Court for an Order transferring this action to the Northern District of California ("NDCA"), which is the proper venue for this case. Plaintiff has indicated that it will oppose this motion.

Google's headquarters and principal place of business are in the NDCA. Virtually all of the technical and financial records regarding the accused services are located in the NDCA. All of the Google employees knowledgeable about the accused services reside there, as do two of the three inventors and numerous non-party witnesses, including likely prior art witnesses and several witnesses involved in the prosecution of the patents-in-suit.

The Plaintiff in this case has absolutely no connection to the District of Delaware. PUM alleges it is a Texas LLP with an office in New York. The two individuals listed in PUM's complaint as its "partners" appear to live and work in the NDCA.

The only links between Plaintiff's claims and this District are that the accused services are made available to users in this District – just as they are to users in every judicial district in the United States – and the fact of Google's incorporation in Delaware. The accused services were not engineered and are not maintained in Delaware. No known relevant witness resides in or near this District, and most are outside the subpoena power of this Court. No known physical or documentary evidence is located here. As the NDCA is a far more convenient forum for this case, Google's motion to transfer should be granted.

## FACTS

### I. THE PARTIES.

PUM alleges it is a Texas LLP with its principal place of business in New York. (Ex. 1 at ¶ 3.) While public records regarding this recently established entity are minimal, it does not

appear that PUM has any connection whatsoever to Delaware. (Declaration of Antonio Sistos in Support of Defendants' Motion to Transfer ("Sistos dec.") at ¶ 3.) The two individuals listed as PUM's "partners" in Plaintiff's complaint – Roy Twersky and Yochai Koenig, also two of the three named inventors of the patents-in-suit – appear to reside in the NDCA (Ex. 1 at ¶ 3; Sistos dec. at ¶ 4.) Records obtained from the Texas Secretary of State indicate that PUM's General Partners are two separate companies based in Cyprus. (Ex. 2.)

Defendant Google has been headquartered in the heart of Silicon Valley since its founding. (Declaration of John LaBarre in Support of Defendants' Motion to Transfer ("LaBarre dec.") at ¶ 2.) Google employs more than 7,100 engineers, product managers, executives and staff at its Mountain View, CA headquarters. (*Id.* at ¶ 3) Google's advertising and search services, including personalized search, are predominantly developed and maintained in Mountain View. (*Id.* at ¶ 4) Google has no offices or facilities located in Delaware. (*Id.* at ¶ 5)

## II. THE WITNESSES AND THE EVIDENCE

All three inventors named on the face of the patents were local to Northern California at the time the patent was issued. The patent assignee Utopy Inc., was also located there.

**AUTOMATIC, PERSONALIZED ONLINE INFORMATION AND PRODUCT SERVICES**

Inventors: **Yochai Konig**, San Francisco, CA (US);
**Roy Twersky**, San Francisco, CA (US);
**Michael R. Berthold**, Berkeley, CA (US)

Assignee: **Utopy, Inc.**, San Francisco, CA (US)

This suggests the purported invention was conceived and developed there. Koenig and Twersky, listed in PUM's complaint as its "partners" in PUM, are currently the two highest-ranking officers of Utopy, which is still located in San Francisco. (Sistos dec. at ¶ 4). This software company was the original assignee of the patents-in-suit. (Ex. 4 and 5).

Furthermore, the law firm and its patent agents primarily responsible for prosecuting the patents-in-suit are located in the NDCA – Palo Alto. (Sistos dec. at ¶ 7.), and therefore any of their retained files and records regarding the prosecution of the patent-in-suit are likely to be found in the NDCA. Plaintiff's lead counsel is also located in that District.[1]

While Plaintiff's infringement allegations are unclear, to the extent that Plaintiff has accused Google's advertising and personalized search technologies as they relate to Google Search and iGoogle, these products were developed and are maintained predominantly in Google's Mountain View headquarters in the NDCA. (LaBarre dec. at ¶ 4.) Most of the key witnesses knowledgeable about the development, management, and the technical and financial details of these products work in Mountain View and reside in the NDCA, including Bryan Horling, Engineering Lead for Personalized Search, Matthew Kulick, Associate Product Manager responsible for Personalized Search, and Jonathan Alferness, Group Product Manager for Ads Quality. (*Id.* at ¶ 6). None are located in Delaware. Google records, including technical and financial information regarding the accused products, are also at Mountain View.

Further, it is likely that many of the relevant prior art witnesses would also be located in the NDCA. The provisional applications to which the patents-in-suit claim priority were filed in December 1999. (Ex. 4 and Ex. 5.) Most of the search engine and internet advertising companies that were prominent in the mid- and late 1990s – Yahoo!, Infoseek, AltaVista, Excite, Hotbot, Overture, Inktomi and Ask Jeeves, just to name a few – were or still are headquartered in Northern California. (Sistos dec. at ¶ 9.) Thus, relevant knowledge regarding the state of the art at the time of the purported invention is likely to be in Northern California.

---

[1] One of the three inventors, Michael R. Berthold, appears to currently reside in Germany. (Sistos dec. at ¶ 8.)

In contrast to all of the above, Google is unaware of any witnesses or sources of evidence relevant to the accused products or the patent-in-suit that are located in Delaware.

## ARGUMENT

### I. APPLICABLE LEGAL STANDARDS.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether transfer is warranted, the court balances a series of private and public interest factors. The private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records to the extent that they may not be available in one of the fora. *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *L'Athene, Inc. v. EarthSpring, LLC*, 570 F. Supp. 2d 588, 592 (D. Del. 2008). The public interest factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 883-884; *L'Athene*, 570 F. Supp. 2d at 592. Where the plaintiff is a non-resident and has no connection with the district, "[its] choice of forum is not entitled to great weight." *Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)); *see also Pennwalt Corp. v. Purex Industries, Inc.*, 659 F. Supp. 287, 289 (D.Del. 1986) ("A defendant's burden with respect to plaintiff's choice of forum is easier to meet where the plaintiff has not brought suit on its 'home turf.'").

In the past year, the Federal Circuit decided two cases that provided further guidance regarding the application of the § 1404 factors in patent actions. In *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008), the Federal Circuit granted the Defendant's mandamus petition, directing transfer from the Eastern District of Texas where there was "no relevant connection between the actions giving rise to this case and the Eastern District of Texas" except that some of the allegedly infringing products had been sold in the District. *Id.* at 1321. The Court held that this tenuous connection was not enough, stressing that the other private interest factors weighed in favor of transfer (*id.*):

> None of the companies have an office in the Eastern District of Texas; no identified witnesses reside in the Eastern District of Texas; and no evidence is located within the venue. Instead, the vast majority of identified witnesses, evidence, and events leading to this case involve Ohio or its neighboring state of Michigan.

In *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009), the Federal Circuit also granted a mandamus petition, directing transfer from the Eastern District of Texas. The Court held that the sale of potentially infringing products in the transferor district was not a sufficient justification to deny transfer from "a venue which indisputably has no connection to any of the witnesses or evidence relevant to the cause of action." *Id.* at 1340-41. Rather, the "substantial number of material witnesses [who] reside within the transferee venue and the state of California," the fact that "no witnesses reside within the Eastern District of Texas," and the fact that the Defendants were headquartered in California while Plaintiff had no connection to Texas required transfer. *Id.* at 1345.

While the Federal Circuit in *TS Tech* and *Genentech* applied Fifth Circuit law, it interpreted 28 U.S.C. § 1404(a). The Court also analyzed cases from other Circuits, including the Third Circuit. *See In re Genentech*, 566 F.3d at 1344 (*citing Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473 (D.N.J. 1993)). The Federal Circuit's rationale applies here with equal force.

5

Finally, this action "could have been brought" in the Northern District of California as required by § 1404(a). In a patent infringement action, venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(b)(1), 1400(b). Google "resides" in the Northern District of California as it has been headquartered there since its founding in 1998 (LaBarre dec. at ¶ 2), and was thus subject to personal jurisdiction in that district at the time this action was commenced. *See* 28 U.S.C. § 1391(c).

## II. THE PRIVATE INTEREST FACTORS FAVOR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA.

### A. Plaintiff's Choice of Forum Receives Considerably Less Deference Because Plaintiff Has No Connection to This District.

The Plaintiff's choice of forum is a relevant consideration in determining whether transfer is warranted, but this factor receives considerably less deference when the Plaintiff has no connection to the forum it has chosen. *Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996) (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)); *Pennwalt Corp. v. Purex Industries, Inc.*, 659 F. Supp. 287, 289 (D.Del. 1986). Accordingly, the Defendant's burden to demonstrate that the requirements of § 1404(a) are met is lighter when Plaintiff has not brought suit on its "home turf." *Pennwalt*, 659 F. Supp. at 289.

Here, Plaintiff has no connection to Delaware. PUM is a Texas LLP with an office in New York. (Ex. 1 at ¶ 3.) Its alleged "partners," Twersky and Koenig, reside in the NDCA. (*Id*; Sistos dec. at ¶ 4.) The General Partners appear to be companies based in Cyprus. (Ex. 2.) There is nothing to indicate that Plaintiff does any business in Delaware or has any connection to the State apart from this lawsuit. (Sistos dec. at ¶ 3.)

### B. Plaintiff's Claim Arose in the Northern District of California.

"Typically the most appropriate venue is where the majority of the facts giving rise to the claim arose." *In re Amkor Technologies Inc. Securities Litigation*, 2006 WL 3857488, at *5

6

(E.D. Pa. 2006); *see also In re DVI Inc.*, 2004 WL 1498593, at *2 n.3 (D. Del.) (transferring case to district that "was the situs of a number of the events leading to [the] dispute"). Plaintiff's claim in this case indisputably arose in the NDCA. The patents-in-suit were developed and prosecuted there, and issued to inventors residing there. (Sistos dec. at ¶ 3; Ex. 4; Ex. 5.) The assignee of the patents was a Northern California company. (Ex. 3; Ex. 4; Ex. 5) Finally, the allegedly infringing services were developed and are currently maintained largely out of Google's headquarters in the NDCA. (LaBarre dec at ¶ 4.)

This action has deep ties to the NDCA, and lacks any connection to Delaware beyond Plaintiff's generalized allegation that infringement took place here (as it allegedly has in every judicial district in the United States). This is precisely the situation in which the Federal Circuit's recent decisions require transfer. *See In re Genentech, Inc.*, 566 F.3d 1338, 1340-41, 1347 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008). This factor, therefore, weighs decidedly in favor of transfer.

### C. The Convenience of the Parties Weighs in Favor of Transfer

In weighing the convenience of the parties, this Court considers the parties' locations relative to the proposed fora, the relative expense the parties would bear in traveling for deposition and trial, and the effect of the absence of witness employees on the parties' business operations. *See L'Athene, Inc. v. EarthSpring, LLC*, 570 F. Supp. 588, 595 (D. Del. 2008). Google would be severely inconvenienced should this case proceed in Delaware. As discussed above, Google is headquartered in the NDCA, and all of the knowledgeable Google employees are likely to be based there. These key employees, including product managers and lead engineers, would have to travel across the country to serve as witnesses in a Delaware trial, taking significant time away from their work at Google. Google would also be forced to

7

transport all of the relevant evidence, including highly confidential technical documents, from California to Delaware for trial.

Although Google is incorporated in Delaware, Google maintains no office or corporate presence within the state. "Although a party's incorporation in Delaware is not irrelevant to [the transfer analysis], it is not dispositive. Where an alternative forum is more convenient and has more substantial connections with the litigation 'incorporation in Delaware will not prevent transfer.'" *APV North America, Inc. v. Sig Simonazzi North America, Inc.* 295 F. Supp. 2d 393, 398 -399 (D. Del. 2002) (*citing Green Isle Partners, Ltd. v. Ritz Carlton Hotel Co.*, C.A. No. 01-202-JJF (D. Del. Nov. 2, 2001); *Brunswick Corp. v. Pecor, Inc.*, C.A. No. 00-691-GMS (D. Del. Dec. 12, 2000)). Litigating this case in Delaware would be burdensome for Google despite its incorporation here, while the NDCA is both more convenient and has a far more substantial connection to the subject matter.

Furthermore, Plaintiff would not be inconvenienced by transfer to the NDCA. PUM is evidently a "shell" corporation that carries on no business aside from litigating the patents-in-suit. (Sistos dec. at ¶ 10.) It is a LLP registered in Texas with an office in New York City. (Ex. 1 at ¶ 3.) The individuals listed as "partners" of PUM in its complaint reside in the NDCA. (*Id.*; Sistos dec. at ¶ 4.) These people are also two of the named inventors on both patents-in-suit, and thus likely to also be crucial witnesses in this case. Granting Defendant's motion would transfer this case <u>to their home district</u>. Accordingly, the convenience of the parties weighs heavily in favor of granting Defendant's motion.

### D. <u>Several California Witnesses Would Be Unavailable in the Delaware.</u>

In deciding a motion to transfer, the Third Circuit considers "the convenience of the witnesses to the extent that the witnesses may be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. To establish unavailability, it is sufficient to show that the witness is not

8

subject to the Court's subpoena power. *Zoetics, Inc. v. Yahoo!*, 2006 WL 1876912, at *4 (D.Del.). While no relevant witnesses in or near Delaware have thus far been identified, Defendant is already aware of several non-party witnesses who are located in Northern California, including patent agents and others in the law firm responsible for prosecuting the patents-in-suit. (Sistos dec. at ¶ 7.) Because the patented technology was developed in California by California inventors working for a California company, the NDCA is likely to contain other relevant witnesses with knowledge of the development and reduction to practice of the purported invention. (*Id.* at ¶ 4.) Additionally, current and former employees of Northern California-based search engine and internet advertising companies prominent in the 1990s – companies such as Yahoo!, Infoseek, AltaVista, Excite, Hotbot, Inktomi, Ask Jeeves, and Overture are likely to be relevant prior art witnesses and to reside in Northern California. (*Id.* at ¶ 9.) All of the above are non-party witnesses who would not be subject to the subpoena power of this Court. Thus, this factor also militates in favor of transfer.

### E.  The Location of Documentary Evidence Favors Transfer.

The location of documentary evidence favors transfers under Third Circuit law to the extent they would be unavailable in one of the fora. *Jumara*, 55 F.3d at 873. In deciding whether physical evidence would be "unavailable" in Delaware, this Court has considered whether it would be "too burdensome" to ship the evidence to Delaware. *Leonard v. Stemtech Health Sciences*, 2008 WL 5381359, at *3 (D. Del.). Shipping its highly sensitive and confidential technical documents from California to Delaware would present a hardship to Google, as transporting these materials across the country obviously increases the chances of a confidentiality breach. (LaBarre dec. at ¶ 8.) Forcing Google to take this risk by producing these materials in Delaware is particularly unnecessary since the NDCA is the clear situs of documentary evidence in this case. This is also true for virtually every other type of evidence

9

relevant to this case, including evidence regarding inventorship, reduction to practice, prosecution, and damages. The location of books and records thus weighs in favor of transfer.

## III. THE PUBLIC INTEREST FACTORS FAVOR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA

### A. Northern California Has a Greater Interest in the Subject Matter of This Litigation Than Delaware.

The Federal Circuit has held that when there is no relevant connection between the actions giving rise to the case and the District except for the local sale of potentially infringing products, that district does not have a "substantial interest" in having the case tried locally. *In re TS Tech*, 551 F.3d 1314, 1321 (Fed. Cir. 2008). Aside from Google's incorporation in this state, the only connection between this case and this venue is that Google's allegedly infringing services are available for use in Delaware, just as it is elsewhere in the United States. This controversy is "local" to the NDCA, where this claim arose and where Google has been headquartered since its inception. This factor weighs in favor of transfer.

### B. The Remaining Public Interest Factors Favor Transfer or Are Neutral

The remaining public interest factors either favor transfer or are neutral. The "practical considerations that could make the trial easy, expeditious, or inexpensive" factor favors transfer for the reasons discussed in detail above, such as the location of most of the relevant witnesses and evidence in Northern California. The most recent Federal Judicial Caseload statistics show that the NDCA has a less congested docket, with a faster time to trial than the District of Delaware, so the "administrative difficulty" factor favors transfer as well. (Ex. 9.) As a judgment in either District would be enforceable against Google, and as there are no state law issues in this action, the remaining two factors may be considered neutral.

## CONCLUSION

Google's Motion to Transfer this case to the NDCA should be granted.

POTTER ANDERSON & CORROON LLP

| | |
|---|---|
| OF COUNSEL:<br><br>Charles K. Verhoeven<br>David A. Perlson<br>Brian C. Cannon<br>QUINN EMANUEL URQUHART OLIVER<br>& HEDGES, LLP<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>Tel.: (650) 801-5000<br><br>Dated: September 8, 2009<br>932295 / 34638 | By: */s/ David E. Moore*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>D. Fon Muttamara-Walker (#4646)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br>fmuttamara-walker@potteranderson.com<br><br>*Attorneys for Defendant Google, Inc.* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 8, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 8, 2009, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Jeremy A. Tigan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Fl.
P.O. Box 1347
Wilmington, DE 19899-1347
klouden@mnat.com
jtigan@mnat.com

Marc S. Friedman
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089
mfriedman@sonnenschein.com

Yar R. Chaikovsky
Jimmy M. Shin
Jennifer D. Bennett
Sonnenschein Nath & Rosenthal LLP
1530 Page Mill Road, Ste. 200
Palo Alto, CA 94304-1125
ychaikovsky@sonnenschein.com
jshin@sonnenschein.com
jbennett@sonnenschein.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

932168 / 34638