# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| PERSONALIZED USER MODEL, L.L.P., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 09-525 (JJF) |
| GOOGLE, INC., | ) ) ) | |
| Defendant. | ) ) ) ) | |

## PLAINTIFF PERSONALIZED USER MODEL, L.L.P.'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT GOOGLE, INC.'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs Louden (#2881)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
klouden@mnat.com
jtigan@mnat.com

*Attorneys For Plaintiff*
  *Personalized User Model, L.L.P.*

OF COUNSEL

Marc S. Friedman
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY 10020-1089
(212) 768-6767

Yar R. Chaikovsky
Jimmy M. Shin
Jennifer D. Bennett
SONNENSCHEIN NATH & ROSENTHAL LLP
1530 Page Mill Road
Suite 200
Palo Alto, CA 94304-1125
(650) 798-0300

September 25, 2009

# TABLE OF CONTENTS

Page

NATURE AND STAGE OF PROCEEDINGS .................................................................................. 1

SUMMARY OF ARGUMENT ........................................................................................................ 1

STATEMENT OF FACTS .............................................................................................................. 2

ARGUMENT ................................................................................................................................... 2

    I.    P.U.M.'S CHOICE OF FORUM IS ENTITLED TO SUBSTANTIAL DEFERENCE .................................................................................................................. 4

    II.    GOOGLE HAS NOT MET ITS HEAVY BURDEN TO TIP THE BALANCE IN FAVOR OF TRANSFER .......................................................................... 6

        A.    The Private Interest Factors Weigh Against Granting Transfer ................. 6

            1.    P.U.M.'s Patent Claims Did Not "Arise" In California .................. 6

            2.    Google Has Not Established That Any Party or Witness Would Not Travel to Delaware Based on Inconvenience ............... 7

            3.    The Location of Non-Party Witnesses Does Not Favor Transfer ............................................................................................... 10

            4.    The Location of Records and Documents Does Not Favor Transfer ............................................................................................... 11

        B.    The Public Interest Factors Weigh in Favor of Denying Transfer ............ 12

            1.    Alleged Docket Congestion in the District of Delaware Does Not Warrant Transfer ......................................................................... 12

            2.    There are no "Local" Interests in Patent Disputes ........................ 13

CONCLUSION ............................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ADE Corp. v. KLA-Tencor Corp.*,
  138 F. Supp. 2d 565 (D. Del. 2001) ............................................................................................ 8

*Apple Computer Inc. v. Unova, Inc., et al.*,
  2003 U.S. Dist. LEXIS 23843 (D. Del. Nov. 25, 2003) ..................................................... *passim*

*APV North America, Inc. v. Sig Simonazzi North America, Inc.*,
  295 F. Supp. 2d 393 (D. Del. 2002) ............................................................................................ 9

*Argos v. Orthotec LLC*,
  304 F. Supp. 2d 591 (D. Del. 2004) ............................................................................................ 8

*Brunswick Corp. v. Pecor, Inc.*,
  C.A. No. 00-691-GMS (D. Del. Dec. 12, 2000) .......................................................................... 9

*Cisco Sys. Inc. v. GPNE Corp.*,
  2008 U.S. Dist. LEXIS 31877 (D. Del. Apr. 17, 2008) ............................................................... 9

*Critikon, Inc. v. Becton Dickinson Vascula Access, Inc.*,
  821 F. Supp. 962 (D. Del. 1993) ...................................................................................... 4, 5, 6, 8

*Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*,
  2001 U.S. Dist. LEXIS 20803 (D. Del. Nov. 28, 2001) ...................................................... 5, 8, 9

*ICU Med., Inc. v. Rymed Techs., Inc.*,
  2008 U.S. Dist. LEXIS 4983 (D. Del. Jan. 23, 2008) ......................................................... *passim*

*In re Amkor Techs. Inc. Securities Litig.*,
  2006 WL 3857488 (E.D. Pa. Dec. 28, 2006) .............................................................................. 7

*In re DVI, Inc.*,
  2004 WL 1498593 (D. Del. June 23, 2004) ................................................................................ 7

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ............................................................................................... 3, 7

*In re TS Tech USA Corp., Inc.*,
  551 F.3d 1315 (Fed. Cir. 2008) ........................................................................................... 3, 7, 13

*Jones Pharma, Inc. v. KV Pharm. Co.*,
  2004 U.S. Dist. LEXIS 2333 (D. Del. Feb. 17, 2004) ..................................................... 6, 7, 11, 12

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) ................................................................................................ 3, 4, 11

*Schering Corp. v. Amgen Inc.*,
  969 F. Supp. 258 (D. Del. 1997) ............................................................................................... 13

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970) ......................................................................................................... 3

*Stratos Lightwave, Inc. v. E20 Commc'ns, Inc.*,
  2002 U.S. Dist. LEXIS 5653 (D. Del. Mar. 26, 2006) ..................................................... 4, 6, 11, 12

# TABLE OF AUTHORITIES, cont'd

Page(s)

*Tranor v. Brown*,
  913 F. Supp. 388 (E.D. Pa. 1996) ................................................................................................ 5

*Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*,
  2005 U.S. Dist. LEXIS 2825 (D. Del. Feb. 15, 2005) .................................................................. 7

*Turn of the Century Solution, L.P. v. Int'l Rectifier Corp.*,
  2006 U.S. Dist. LEXIS 39893 (D. Del. June 15, 2006) ..................................................... 4, 8, 13

*Zoetics, Inc. v. Yahoo!, Inc.*,
  2006 U.S. Dist. LEXIS 46910 (D. Del. July 6, 2006) ........................................................... 4, 10

**Statutes**

28 U.S.C. § 1404 ............................................................................................................................ 3

28 U.S.C. § 1404(a) ....................................................................................................................... 3

35 U.S.C. § 271 .............................................................................................................................. 7

35 U.S.C. § 271(a) ......................................................................................................................... 7

## NATURE AND STAGE OF PROCEEDINGS

On July 16, 2009, plaintiff Personalized User Model ("P.U.M.") filed this patent infringement action, alleging that defendant Google, Inc.'s ("Google") personalized search technology infringes two P.U.M. patents, U.S. Patent No. 6,981,040 B1 and U.S. Patent No. 7,320,031 B2. (D.I. 1.) Google filed its Answer and Counterclaims on September 8, 2009. (D.I. 8.) In its Answer, Google "does not contest" venue. (D.I. 8 at ¶ 2.) Nevertheless, on September 8, 2009, Google moved to transfer this case to the Northern District of California. (D.I. 9.) This is P.U.M.'s opposition to that motion.

## SUMMARY OF ARGUMENT

P.U.M.'s decision to file this patent infringement case in this district is of "paramount consideration" in deciding Google's Motion to Transfer and "should not be lightly disturbed." P.U.M. filed suit here for legitimate and rational reasons, including that Google is incorporated in Delaware; Google's infringing products are made available to, and used by, Delaware residents; and this Court is well-known for its efficiency and expertise in adjudicating patent infringement cases. That alone should suffice to decide the issue.

Defendant Google also cannot meet its "heavy burden" of demonstrating that the balance of private and public interest factors strongly favors transfer. In essence, this $21.8-billion-dollar corporation complains about the inconvenience of having some employees appear in Delaware for trial and the burden to Google (a worldwide leader in information and web technology) in producing documents in the Internet age. There is no unique or unusual burden to Google, and having chosen to avail itself of the laws of the State, it cannot complain in any event about the inconvenience of litigating in its corporate home. Further, there are no "local issues" affording the Northern District of California a greater interest in the outcome of this case. This is a patent infringement action involving services offered to consumers nationwide. Finally, the convenience factors that Google cites actually weigh against granting transfer. Delaware is not an inconvenient location for the likely witnesses in

this case and the documents at issue can be transmitted to Wilmington just as easily as they can to San Francisco.

Google has not met, and cannot meet, its heavy burden of demonstrating otherwise. Google's motion should be denied.

## STATEMENT OF FACTS

Google is a Delaware corporation headquartered in Mountain View, California. (D.I. 8 at ¶ 4.) One of the largest corporations in the world, Google employs thousands (D.I. 9 at 2) and reported $21.8 billion in revenue in 2008. See Declaration of Jennifer Bennett in Support of P.U.M.'s Answering Brief ("Bennett Decl."), Exh. 1. According to its website, Google maintains offices all over the world – six on the East Coast alone, in New York, Massachusetts, Pennsylvania, Virginia, and North Carolina. See Bennett Decl., Exh. 2. Google admits that the accused personalized search services are used throughout Delaware. (D.I. 9 at 1.)

Plaintiff P.U.M. is a Texas limited liability partnership. (D.I. 1 at ¶ 3.) P.U.M. was founded by two inventors of the patents-in-suit, Roy Twersky and Dr. Yochai Konig. (D.I. 1 at ¶ 3.) The three inventors originally assigned their rights and interests in the patents-in-suit to Utopy, Inc., and ultimately, those same rights and interests were assigned to P.U.M. (D.I. 1 at ¶¶ 5-6.) In its opening brief, Google tries to rely on the supposed inconvenience of this forum to Dr. Konig and Mr. Twersky to support transfer based on the fact that they reside in California. However, these gentlemen have no objection to traveling to Delaware. See Declaration of Roy Twersky in Support of P.U.M.'s Answering Brief ("Twersky Decl."), ¶¶ 2-3. The third inventor of the patents-in-suit, Michael Berthold, lives in Germany. See Twersky Decl., ¶ 4.

## ARGUMENT

Google has moved to transfer this case pursuant to 28 U.S.C. § 1404(a), which provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Google at all times

bears the burden of proving that these factors strongly weigh in favor of transfer. *See ICU Med., Inc. v. Rymed Techs., Inc.*, C.A. No. 07-468-JJF, 2008 U.S. Dist. LEXIS 4983, at *6 (D. Del. Jan. 23, 2008) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)); *Apple Computer Inc. v. Unova, Inc., et al.*, C.A. No. 03-101-JJF, 2003 U.S. Dist. LEXIS 23843, at *4 (D. Del. Nov. 25, 2003). If the factors are evenly balanced or weigh only slightly in favor of transfer, the motion should be denied. *Id.*

The Third Circuit[1] has instructed that, when reviewing a motion to transfer under 28 U.S.C. § 1404(a), courts must consider, among other things, the private and public interests set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995).[2]

The Third Circuit also has clearly and repeatedly held that "[i]t is black letter law that a plaintiff's choice of a proper forum is a ***paramount consideration*** in any determination of a transfer request, and ***that choice should not be lightly disturbed***." *See, e.g., Shutte*, 431 F.2d at 25 (citations

---

[1] Google cites two Federal Circuit opinions applying Fifth Circuit law, *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008), and *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009), regarding the application of § 1404 to patent cases. (D.I. 9 at 5.) Google's reference to these cases is misplaced, however, because (i) as articulated in *In re TS Tech*, motions to transfer do not deal with substantive patent law, and, therefore, the law of the circuit (here, the Third Circuit) applies, (ii) the factors the Fifth Circuit considers are different from the Third Circuit factors (for example, in the Fifth Circuit plaintiff's choice of forum is not considered as a separate factor, but rather "corresponds to the burden that a moving party must meet"), and (iii) in both cases the defendants were not incorporated in the district in which the actions were filed.

[2] The private interests are: (1) the plaintiff's choice of forum, (2) the defendant's preferred forum, (3) whether the claim arose elsewhere, (4) the convenience of the parties due to their relative physical and financial conditions, (5) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and (6) the location of books and records, to the extent these books and records could not be produced in a certain forum. *Id.* at 879-80. The public interests are: (1) the enforceability of the judgment, (2) practical consideration regarding the ease, speed or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases. *Id.*

and quotations omitted).³ When determining whether transfer is warranted, courts must balance all of the relevant factors, always bearing in mind that a plaintiff's choice of forum is entitled to substantial deference. *Jumara,* 55 F.3d at 879; *Apple,* 2003 U.S. Dist. LEXIS 23843, at *4; *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.,* 821 F. Supp. 962, 964 (D. Del. 1993).

For the following reasons, Google has not carried its very heavy burden of demonstrating these interest factors weigh *strongly* in favor of transfer.

I.  **P.U.M.'S CHOICE OF FORUM IS ENTITLED TO SUBSTANTIAL DEFERENCE**

Because P.U.M.'s decision to file this suit in Delaware is a "paramount consideration" that should not be lightly disturbed, "[t]he deference afforded a plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason." *Turn of the Century Solution, L.P. v. Int'l Rectifier Corp.,* C.A. No. 05-816-SLR, 2006 U.S. Dist. LEXIS 39893, at *7 (D. Del. June 15, 2006); *see also Leonard v. Stemtech Health Sciences, Inc.,* 2008 WL 5381359, at *2 (D. Del. Dec. 19, 2008) ("[I]f plaintiff's choice of forum relates to its legitimate, rational concerns then the plaintiff's choice of forum is . . . accorded substantial weight.").

P.U.M. selected this forum for a number of rational and legitimate reasons. First, Google is incorporated in Delaware. This Court has held many times that this alone is a rational and legitimate reason to bring suit in Delaware. *See Zoetics, Inc. v. Yahoo!, Inc.,* C.A. No. 06-108-JJF, 2006 U.S. Dist. LEXIS 46910, *6 (D. Del. July 6, 2006) ("Plaintiffs . . . have chosen the forum of Defendant's incorporation - a 'rational and legitimate' choice that is entitled to deference."); *Stratos Lightwave, Inc. v. E20 Commc'ns, Inc.,* C.A. No. 01-309-JJF, 2002 U.S. Dist. LEXIS 5653, at *7 (D. Del. Mar. 26, 2006) ("[T]he fact that [defendant] has incorporated in Delaware is a rational and legitimate reason for choosing to sue it in Delaware."). Second, as Google admits, the accused products are made available and are used in Delaware. (D.I. 9 at 1.) Third, this Court has substantial expertise and

---

³   Emphasis in the quoted material is added unless otherwise noted.

experience in patent infringement cases. *See Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, C.A. No. 01-199-SLR, 2001 U.S. Dist. LEXIS 20803, at *14 (D. Del. Nov. 28, 2001) (recognizing that plaintiff "filed [patent action] in Delaware because the court is noted for its efficient docket and its expertise in complex civil litigation").

Google argues that a plaintiff's choice of forum receives considerably less deference where the plaintiff has no connection to the forum it has chosen (*i.e.*, is not its "home turf"). (D.I. 9 at 4-6.) The cases Google cites to support its argument, however, *Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996) and *Pennwalt Corp. v. Purex Indus., Inc.*, 659 F. Supp. 287 (D. Del. 1986), are distinguishable.[4]

Further, contrary to Google's assertion, the law in Delaware is *not* that a plaintiff must either be incorporated or have its principal place of business in Delaware for its choice of forum to be afforded substantial deference. It is enough that plaintiff's decision was based on rational and legitimate reasons. *See Critikon*, 821 F. Supp. at 965 ("While transfer of a case is generally regarded as less convenient to a plaintiff if the plaintiff has not chosen its 'home turf' . . . *the plaintiff's choice of forum is still a paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer.*") (citations and quotations omitted).

Because P.U.M.'s choice to litigate in this district was based on rational and legitimate reasons, it is entitled to "paramount consideration" and Google must demonstrate that the balance of conveniences *strongly* favors transfer.

---

[4] For example, in *Tranor*, a medical malpractice case, the Court granted transfer from the Eastern District to the Middle District of Pennsylvania because the defendant hospital was located in the Middle District. 913 F. Supp. at 388. And in *Pennwalt*, the court found that the convenience of the parties balanced strongly in favor of transfer where the defendant was a small company in the process of liquidation and attendance by any substantial number of its 16 employees at a lengthy trial in Delaware would place a significant and onerous burden.

## II. GOOGLE HAS NOT MET ITS HEAVY BURDEN TO TIP THE BALANCE IN FAVOR OF TRANSFER

### A. The Private Interest Factors Weigh Against Granting Transfer

Google contends the private interest factors favor transfer to the Northern District of California purportedly because (1) P.U.M.'s claims arose in the Northern District of California; (2) it would be more convenient for the parties to litigate in California; (3) several witnesses would be unavailable in Delaware; and (4) the location of documents favors transfer. Not only are these assertions incorrect, but this Court has rejected similar arguments made in many other cases for failure to satisfy the defendant's heavy burden of showing that transfer was warranted. *See, e.g., ICU Med.,* 2008 U.S. Dist. LEXIS 4983; *see also Jones Pharma, Inc. v. KV Pharm. Co.,* C.A. No. 03-786-JJF, 2004 U.S. Dist. LEXIS 2333 (D. Del. Feb. 17, 2004); *Apple,* 2004 U.S. Dist. LEXIS 23843; *Stratos,* U.S. Dist. LEXIS 5653; *Critikon,* 821 F. Supp. 962. This case is no different.

#### 1. P.U.M.'s Patent Claims Did Not "Arise" In California

Google contends that P.U.M.'s patent infringement claims arose in the Northern District of California. (D.I. 9 at 7.) To support its argument, Google exaggerates P.U.M.'s ties to California and understates its own significant relationship to Delaware. (D.I. 9 at 7-8.)

That the patents may have been prosecuted from California and two of the inventors now reside there, or that Google is headquartered there, does not mean that P.U.M.'s patent infringement claims "arose" in California or that transfer is warranted. *See ICU Med.,* 2008 U.S. Dist. LEXIS 4983, at *9 (denying transfer despite defendant's arguments that inventor, prosecuting attorneys, and witnesses resided in proposed transferee venue); *see also Apple,* 2004 U.S. Dist. LEXIS 23843, at *14 (denying transfer despite defendants' arguments that inventor and a larger number of sales of the allegedly infringing products occurred in proposed transferee venue). Patent claims under 35 U.S.C. § 271 arise when a person makes, uses, offers to sell, or sells any patented invention, within the United States. *See* 35 U.S.C. § 271(a). Google admits that it makes the accused products available and that they are used

throughout this district, and every other district in the United States. (D.I. 9 at 1.) Thus, P.U.M.'s claims "arose" in California to the same extent they "arose" in Delaware.[5]

The cases to which Google cites to support its argument are inapposite. For example, *In re Amkor Techs. Inc. Securities Litig.*, 2006 WL 3857488 (E.D. Pa. Dec. 28, 2006) and *In re DVI, Inc.*, 2004 WL 1498593 (D. Del. June 23, 2004), are not patent infringement cases, and are distinguishable for other reasons. In *In re Amkor*, the court interpreted venue provisions of the Exchange Act unique to securities class action litigation. 2006 WL 3857488, at *4. And in *In re DVI*, this Court granted defendant's motion to transfer because doing so sent the case back to the original jurisdiction (Illinois) where plaintiff first filed the lawsuit. 2004 WL 1498593, at *2. Further, *In re TS Tech USA Corp., Inc.*, 551 F.3d 1315 (Fed. Cir. 2008) and *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009), although patent cases, were decided under Fifth Circuit law that, as noted earlier, differs significantly from Third Circuit case law on transfer motions.

Because P.U.M.'s patent claim "arose" in California to the same extent it "arose" in Delaware, this factor does not weigh *strongly* in favor of transfer.

### 2. Google Has Not Established That Any Party or Witness Would Not Travel to Delaware Based on Inconvenience

Google contends it will be "severely inconvenienced" should this case proceed in Delaware. In support, Google largely relies on the fact that its headquarters are located in Northern California. (D.I. 9 at 7-8.) Google's arguments are unpersuasive for several reasons.

---

[5] Even if Court were to find that the claims arose in California (which they did not), this factor does not strongly favor transfer. *See Jones Pharma*, 2004 U.S. Dist. LEXIS 2333, at *5 (court concluded that although the claim arose and the parties have their principal places of business in Missouri, the private interest factors did not strongly favor a transfer to Missouri); *see also Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*, C.A. No. 04-360-JJF, 2005 U.S. Dist. LEXIS 2825, at *6 (D. Del. Feb. 15, 2005) (court concluded although the claim arose and Maritz has its principal place of business in Missouri, the private factors did not strongly favor a transfer to Missouri).

First, by incorporating in Delaware, Google assumed the risk that it might be sued here and should have reasonably anticipated being haled into court here. Google purposefully chose Delaware as its legal home.[6] *ICU Med.*, 2008 U.S. Dist. LEXIS 4983, at *9 ("[Defendant] cannot now complain because they are involved in litigation in Delaware."); *Critikon*, 821 F. Supp. at 965 ("[T]he fact that [defendant] incorporated in Delaware should not be disregarded lightly."). Because Google has enjoyed the benefits of incorporation in Delaware, Google must establish that litigating in Delaware would pose some "unique or unusual burden" on its operations. *Argos v. Orthotec LLC*, 304 F. Supp. 2d 591, 597 (D. Del. 2004); *see also ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001) ("[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient.").

It is not surprising that Google has not even attempted to show that litigating in Delaware would pose some "unique or unusual burden" on it, given that it has billions of dollars in revenue, employs thousands, and has offices all over the world. *See Leonard*, 2008 WL 5381359, at *3 ("[B]ecause [defendant] is conducting business on a national scale it would not be overly burdensome for it to litigate in Delaware, which is also its place of incorporation."); *see also Cypress Semiconductor*, 2001 U.S. Dist. LEXIS 20803, at *10 (concluding that because "all the parties are national corporations with millions of dollars in annual revenue . . . that operate on a national or worldwide scale . . . convenience based on expense is uncompelling.").

Second, discovery, including the depositions of Google's employees, if any, will likely take place in California regardless of the trial venue. *See Turn of the Century Solution, LP v. Int'l Rectifier Corp.*, C.A. No. 05-816-SLR, 2006 U.S. Dist. LEXIS 39893, at *7 (D. Del. June 15, 2006) ("[D]iscovery can be conducted at any location convenient to the parties and their employees, the only

---

[6] By contrast, none of the parties are incorporated in California.

event that will take place in Delaware is the trial."). Therefore, travel by Google employees to Delaware would likely be limited to trial. *See* Bennett Decl., ¶ 7.

Third, this Court correctly regards convenience of the parties as "a somewhat archaic notion in the world today." *Cypress Semiconductor*, 2001 U.S. Dist. LEXIS 20803, at *9 ("Advances in technology have significantly lessened the burden of litigating in a distant district. These technologies have shortened the time it takes to transfer information, reduced the bulk or size of documents or things on which information is recorded . . . and have lowered the cost of moving that information from one place to another.") (quotations and citations omitted). Consequently, allegations based on the convenience of the parties face a high degree of skepticism:

> "[R]emarkable is the fact that parties are still basing motions to transfer on the 'convenience' of the parties, when it is undeniable that national corporations can and do operate their business via electronic communications; litigation is not substantially different and should not be treated as such. Consistent with the rationale [the Court] has employed for at least the last 10 years, absent a truly regional defendant or critical witnesses that cannot be compelled to attend trial, Delaware . . . is at least as convenient as any other forum."

*Cisco Sys. Inc. v. GPNE Corp.*, C.A. No. 07-671-SLR, 2008 U.S. Dist. LEXIS 31877, at *7 (D. Del. Apr. 17, 2008).

Fourth, other lawsuits filed against Google in this District confirm that Google is no stranger to litigation in Delaware and is quite capable of mounting a defense here. A search of this Court's electronic dockets reveals that, including the present lawsuit, Google has been sued in the District of Delaware at least four times. *See* Bennett Decl., Exh. 3.

Fifth and finally, none of the cases Google cites compel a different conclusion. For example, Google relies on *APV North America, Inc. v. Sig Simonazzi North America, Inc.*, 295 F. Supp. 2d 393 (D. Del. 2002) and *Brunswick Corp. v. Pecor, Inc.*, C.A. No. 00-691-GMS (D. Del. Dec. 12, 2000). In both cases this Court found transfer was appropriate because at least one related litigation was pending in the transferee forum. This is not the case here.

Because Google cannot demonstrate that litigating in Delaware poses a "unique or unusual burden" to it, the "convenience of the parties and witnesses" factor does not weigh *strongly* in favor of transfer.

### 3. The Location of Non-Party Witnesses Does Not Favor Transfer

Google contends several non-party witnesses would be unavailable in Delaware.[7] Google's concern over subpoena power, however, is entirely speculative and unsupported. For example, Google argues, "[i]t *is likely* that many of the relevant prior art witnesses would also be located in Northern California because most of the search engine companies in the late 90s were in the valley" and "[i]t is *likely* to contain other relevant witnesses with knowledge . . . of the . . . invention." (D.I. 9 at 9). Yet Google fails to specifically identify a single non-party witness in either category or whether any such witness would be unwilling to travel to Delaware. Regarding the patent agents who prosecuted the patents, Google does not provide any evidence, including, for example, a declaration, that demonstrates they would be unwilling to testify in Delaware or that their testimony is unavailable in another forum. *See Apple,* 2003 U.S. Dist. LEXIS 23843, at *14 (finding private factors did not favor transfer when "a particular need to subpoena these witnesses has not been demonstrated").[8]

Because Google has not established that any non-party witness will be unavailable for trial or unwilling to testify in Delaware, this factor does not weigh *strongly* in favor of transfer.

---

[7] Google alludes to the fact that certain of its employees knowledgeable about the technology reside in California. Google does not and cannot argue that the convenience of these party witnesses warrants transfer. *See Nice Sys.,* 2006 U.S Dist. LEXIS 74642, at *7 ("Employee witnesses . . . are not part of the analysis . . . because they are presumed willing to testify at trial.").

[8] Google cites *Zoetics, Inc. v. Yahoo!,* 2006 WL 1876912, at *4 (D. Del. July 6, 2006), for the proposition that the convenience of the prosecuting attorneys weighed in favor of transfer. The Court, however, nonetheless denied defendant's motion to transfer. *Id.* at *6. Likewise, here, this factor alone does not warrant transfer.

### 4. The Location of Records and Documents Does Not Favor Transfer

Google contends it somehow would present a "hardship" to transport highly sensitive and confidential technical documents to Delaware. (D.I. 9 at 9.) When deciding a transfer motion, however, a court should consider the location of books and records *only* to the extent that the files could not be produced in this district. *Jumara,* 55 F.3d at 879. Google does not contend that its books and records could not be produced in Delaware, only that transport would present a "hardship." *See Jones Pharma,* 2004 U.S. Dist. LEXIS 2333, at *6 ("[D]efendant does not contend [books and records] could not be produced or would be unavailable in Delaware"); *see also Stratos Lightwave,* 2002 U.S. Dist. LEXIS 5653, at *7 ("[R]elevant documents, books and records can easily be transported to Delaware.").

Moreover, regardless of where trial is held, documents can be electronically produced and electronically transferred to Google's counsel offices in Wilmington. *See ADE,* 138 F. Supp. 2d at 571 ("With new technologies for storing and transmitting information, the burden of gathering and transmitting documents 3,000 miles away is probably not significantly more than it is to transfer them 30 miles."). As this Court has recently explained, the "technological advances of recent years have significantly reduced the weight of this factor" in the Court's analysis, because they have "substantially reduced the burden of litigating in a distant forum." *ICU Med.,* 2008 U.S. Dist. LEXIS 4983, at *9-10 (citations and quotations omitted).

Because Google, a worldwide leader in information and web technology, can produce documents in Delaware, and the location of documents bears little weight in the analysis, this factor does not weigh *strongly* in favor of transfer.[9]

In sum, the private interest factors favor maintaining this case in this Court. Google is a Delaware corporation, P.U.M.'s decision to file its Complaint against Google in Delaware is entitled to

---

[9] P.U.M. agrees to produce in Delaware all documents required for trial. *See* Twersky Decl., ¶ 5.

"paramount consideration," and Google has presented no evidence that litigating in Delaware would pose a "unique or unusual burden" to multi-billion-dollar Google.

B.   **The Public Interest Factors Weigh in Favor of Denying Transfer**

Google also contends that two public interest factors favor transfer of this case to the Northern District of California: practical considerations regarding the ease, speed, or expense of trial, and the local interest in deciding local controversies in the home forum. (D.I. 9 at 10.) To support its arguments, Google cites inconsistent statistics regarding time to trial in the two districts and mistakenly creates a "local" interest in this patent infringement matter. Neither of its assertions warrants transfer here.

1.   **Alleged Docket Congestion in the District of Delaware Does Not Warrant Transfer**

Google's arguments that this case should be transferred because the Northern District of California purportedly has a less congested docket, with a faster time to trial, than this Court should be rejected because there is little substantive difference between the statistics in the two courts. (D.I. 9 at 10.) *See Jones Pharma,* 2004 U.S. Dist. LEXIS 2333, at *8 (court unpersuaded that purported congestion of the Delaware courts strongly favors a transfer); *Stratos Lightwave,* 2002 U.S. Dist. LEXIS 5653, at *8 (court not persuaded case would be adjudicated faster in another forum).

Contrary to Google's assertion, the disposition of this case would occur at essentially the same time, or even sooner, if it remains in Delaware. For example, this Court's average time to trial in civil cases is only 25 months, while the Northern District of California takes 30 months. *See* Bennett Decl., Exhs. 4-5.

Moreover, "it is the parties themselves that will most greatly affect the overall speed of the case." *Leonard,* 2008 WL 5381359, at *3; *Apple,* 2003 U.S. Dist LEXIS 23843, at *14 ("[O]n comparing the jurisdictional statistics . . . moving the case . . . will produce little advantage."). Simply stated, the caseload in this district does not support transfer to the Northern District of California.

## 2. There are no "Local" Interests in Patent Disputes

Google contends this patent infringement lawsuit is "local" to the Northern District of California, (D.I. 9 at 10), citing to *In re TS Tech* (which applies Fifth Circuit law) to support its position that this Court does not have a "substantial interest" in the subject matter of this litigation. (D.I. 9 at 10.) Google is wrong.

First, as this Court has held on numerous occasions, patent infringement is a national issue that generally does not implicate local interests. *ICU Med.*, 2008 U.S. Dist. LEXIS 4983, at *13; *Nice Sys.*, 2006 U.S Dist. LEXIS 74642, at *8. A patent dispute does not become "local" just because defendant is headquartered in the proposed transferee venue. In fact, the Court has found such arguments to be "disingenuous." *See Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 269 (D. Del. 1997).

Second, Google's reliance on *In re TS Tech* is misplaced. In *TS Tech,* defendant, unlike Google, was not incorporated in the state where the action was filed. 551 F.3d 1315, 1318. Therefore, unlike the forum in *In re TS Tech*, this District does have a "substantial interest" in this litigation because it involves patent infringement by a Delaware corporation. *See Leonard*, 2008 WL 5381359, at *4 ("Delaware has an interest in litigation regarding companies incorporated within its jurisdiction.") (citations and quotations omitted); *Turn of the Century Solution,* 2006 U.S. Dist. LEXIS 39893, at *7.

Because patent law does not implicate local interests, this factor does not *strongly* weigh in favor of transfer.

## CONCLUSION

For each of the foregoing reasons, Google's motion to transfer should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan
───────────────────────────
Karen Jacobs Louden (#2881)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
klouden@mnat.com
jtigan@mnat.com

*Attorneys For Plaintiff*
  *Personalized User Model, L.L.P.*

OF COUNSEL

Marc S. Friedman
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY 10020-1089
(212) 768-6767

Yar R. Chaikovsky
Jimmy M. Shin
Jennifer D. Bennett
SONNENSCHEIN NATH & ROSENTHAL LLP
1530 Page Mill Road
Suite 200
Palo Alto, CA 94304-1125
(650) 798-0300

September 25, 2009

# CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2009, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on September 25, 2009 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
1313 N. Market St., 6th Floor
Wilmington, DE 19801
**rhorwitz@potteranderson.com**
**dmoore@potteranderson.com**
**fmuttamara-walker@potteranderson.com**

**BY E-MAIL**

Brian C. Cannon
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
**briancannon@quinnemanuel.com**

Charles K. Verhoeven
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
**charlesverhoeven@quinnemanuel.com**

David A. Perlson
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
**davidperlson@quinnemanuel.com**

Antonio R. Sistos
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
**antoniosistos@quinnemanuel.com**

Eugene Novik
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
**eugenenovikov@quinnemanuel.com**

/s/ Jeremy A. Tigan
Jeremy A. Tigan (#5239)

3137692