# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONALIZED USER MODEL, L.L.P., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GOOGLE, INC., )<br>)<br>Defendant. ) | C.A. No. 09-525-JJF<br><br>**JURY TRIAL DEMANDED** |

## GOOGLE'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE
## TO THE NORTHERN DISTRICT OF CALIFORNIA

OF COUNSEL:

Charles K. Verhoeven
David A. Perlson
Brian C. Cannon
QUINN EMANUEL URQUHART OLIVER
    & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Tel.: (650) 801-5000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Google, Inc.*

Dated: October 5, 2009
936264 / 34638

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................1

ARGUMENT .................................................................................................................................1

I. Plaintiff Misstates The Legal Standard For Transfer In Patent Cases. ...................1

II. Plaintiff Does Not Rebut The Strong Connection This Case Has to The Northern District of California and the minimal connection to this district. .....................................4

III. As Plaintiff Has No Ties To Delaware, Its Choice of Forum Should not be Given Much Weight. ...........................................................................................................5

IV. Google's incorporation in delaware is not dispositive on transfer. ...........................6

V. The Public Interest Factors Favor Transfer to the Northern District of California ..............7

CONCLUSION ..............................................................................................................................8

# TABLE OF AUTHORITIES

**CASES**

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998) ................................................................................. 3-4

*APV North America, Inc. v. Sig Simonazzi North America, Inc.*,
   295 F. Supp. 2d 393 (D. Del. 2002) ................................................................................... 6

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ...................................................................................... 1, 6

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008) ................................................................................ *passim*

*In re Volkswagen*,
   545 F.3d 304 (5th Cir. 2008) ............................................................................................. 2

*In re Volkswagen, Inc.*,
   371 F.3d 201 (5th Cir. 2004) ............................................................................................. 2

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ................................................................................................ 2

*Pennwalt Corp. v. Purex Indus., Inc.*,
   659 F. Supp. 287 (D. Del. 1986) .................................................................................... 5-6

*Tranor v. Brown*,
   913 F. Supp. 388 (E.D. Pa. 1996) .................................................................................. 5-6

**STATUTES**

28 U.S.C. § 1404(a) .............................................................................................................. 1-2, 6

## INTRODUCTION

Plaintiff fails to rebut that the private and public factors favor transfer here. Two of the inventors, the prosecuting attorneys, all of the knowledgeable Google employees, the potential prior art witnesses, the parties' lead counsel, and all of the documentation and accused technologies are located in the Northern District of California. Indeed, Plaintiff admits that it has no connection to this district. Instead, Plaintiff's only basis for bringing suit in Delaware is that Google is incorporated here. But Google has no offices or infrastructure in Delaware and neither does Plaintiff. The Federal Circuit has made clear that transfer under § 1404(a) is appropriate in patent infringement cases where the forum has no connection to the parties or events at issue. As the ties to the Northern District of California are sufficiently strong, and the ties to this district sufficiently weak, the balance of convenience and the interests of justice clearly favor transfer in this case under 28 U.S.C. § 1404(a). Google's motion to transfer to the Northern District of California should be granted.

## ARGUMENT

### I. PLAINTIFF MISSTATES THE LEGAL STANDARD FOR TRANSFER IN PATENT CASES.

In its motion to transfer, Google established that in patent actions, like this one, where there is no relevant connection between the actions, witnesses, evidence and the forum, the private and public interests weigh in favor of transfer under § 1404(a). *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). Google demonstrated that the Federal Circuit has repeatedly been willing to overturn denials of motions to transfer in patent cases where there was no connection between the forum and the case. *See, e.g., In re Genentech, Inc.*, 566 F.3d at 1348 ("In denying transfer, the district

court clearly abused its discretion and produced a patently erroneous result. The district court . . . rigidly applied the law to prevent transfer to the more convenient forum.").

Plaintiff relegates its discussion of these key Federal Circuit cases to a footnote. (Opp. at 3 n. 1.) Plaintiff claims they are distinguishable because the Third and Fifth Circuits consider different factors in the transfer analysis. *Id.* Plaintiff's argument is wrong as a matter of law. The standards applied by the Third and Fifth Circuits are substantively identical. Both circuits weigh numerous "private" and "public" interests. *Compare Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) ("While there is no definitive formula or list of the factors to consider, courts have considered many variants of the private and public interests protected by the language of § 1404(a)") *and In re Volkswagen, Inc.*, 371 F.3d 201, 203 (5th Cir. 2004) ("The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight."). These interests include the convenience of the parties and witnesses, practical considerations relating to the ease and expense of trial, and the congestion of the courts. *See Jumara*, 55 F.3d at 879 ("the convenience of the parties . . . the convenience of the witnesses . . . . practical considerations that could make the trial easy, expeditious, or inexpensive . . . the relative administrative difficulty in the two for a resulting from court congestion"); *In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008) ("the cost of attendance for willing witnesses . . . all other practical problems that make trial of a case easy, expeditious and inexpensive . . . . the administrative difficulties flowing from court congestion.").

The only purported difference that Plaintiff identifies is that in the Fifth Circuit the plaintiff's choice of forum "is not considered a separate factor . . . ." (Opp. at 3 n. 1.) But this is a distinction without a difference. The plaintiff's choice of forum is given the same weight by the Third and Fifth Circuits. In *In re TS Tech*, the Federal Circuit explained that under Fifth

2

Circuit law the plaintiff's choice of forum should not be separately weighed as a factor against transfer because "the plaintiff's choice of venue corresponds to the burden that a moving party must meet in order to demonstrate that that the transferee venue is a clearly more convenient venue." *In re TS Tech*, 551 F.3d at 1320. The court explained that by weighing the plaintiff's choice "as a factor against transfer . . . . the court erred in giving inordinate weight to the plaintiff's choice of venue." *Id.*

Similarly, under Third Circuit law in *Affymetrix, Inc. v. Synteni, Inc.*, Chief Judge Sleet explained that to evaluate the plaintiff's choice of forum as a separate factor "would lead to . . . double-counting by effectively considering a plaintiff's rational and legitimate reasons for selecting its forum twice – once, when establishing the burden that the defendant must overcome in order to prevail on its motion to transfer and then again . . . in the subsequent 'balance of convenience' analysis." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 200 (D. Del. 1998). Thus, the Third and Fifth Circuits are aligned in their view that the plaintiff's choice of forum should only be counted once in the transfer analysis, either as part of the initial burden or as part of the convenience analysis.

Notably, while Plaintiff largely ignores these Federal Circuit cases, Plaintiff does acknowledge that it is particularly appropriate to look at transfer in patent infringement cases. (Opp. at 7 (attempting to distinguish cases as "inapposite" because they are "not patent infringement cases.").) As Google demonstrated in its motion, and is unrebutted by Plaintiff, Federal Circuit case law demonstrates that this case should be transferred to the Northern District of California.

3

## II. PLAINTIFF DOES NOT REBUT THE STRONG CONNECTION THIS CASE HAS TO THE NORTHERN DISTRICT OF CALIFORNIA AND THE MINIMAL CONNECTION TO THIS DISTRICT.

Plaintiff claims that Google "exaggerates P.U.M.'s ties to California." The facts demonstrate otherwise. Indeed, Plaintiff does not dispute a single assertion from Google's motion regarding the ties that P.U.M. and this case have to northern California. (Opp. at 6.) Plaintiff does not dispute:

- two of the inventors and P.U.M.'s partners reside in California;

- the law firm and patent agents primarily responsible for prosecuting the patents-in-suit are located in northern California;

- the assignee of the patents is a northern California company;

- the allegedly infringing technologies were developed and are maintained in California; and

- Plaintiff's lead counsel is located in northern California.

*Id.* When both parties have ties to a single district, this Court has acknowledged that transferring the case to that district is convenient for the parties because transfer serves to "minimize the level of disruption caused by trial or other legal proceedings." *Affymetrix, Inc.*, 28 F. Supp. 2d at 202.

Here, Google also demonstrated that many important non-party witnesses including the prosecuting attorneys and potential prior art witnesses are located in northern California – outside the subpoena power of the Court. Oddly, Plaintiff argues that Google should have obtained a declaration from the patent agents who prosecuted the patents-in-suit stating that they would not be willing to travel to Delaware from California for trial. (Opp. at 10.) But these were the patent attorneys for the named inventors, who are principals or "partners" of Plaintiff. (Complaint, ¶ 3.) Plaintiff's failure to submit declarations from the patent agents of its own principals suggests that Plaintiff is aware that such witnesses – who are admittedly outside the subpoena power of this Court – are unwilling to travel to Delaware for a trial in this matter.

4

Moreover, Plaintiff does not dispute that prior art witnesses would likely be located in northern California. Nor does Plaintiff identify any witnesses or evidence that are located in or near this district. *See In re TS Tech*, 551 F.3d at 1321 (granting transfer because "[t]here is no relevant connection between the actions giving rise to this case and the Eastern District of Texas . . . . no identified witnesses reside in the Eastern District of Texas; and no evidence is located within the venue. Instead, the vast majority of identified witnesses, evidence, and events leading to this case involve Ohio or its neighboring state of Michigan.").

In addition, there is no dispute the employee witnesses Google has identified who are likely to have relevant information all work in northern California. (Motion at 3; LaBarre Dec., ¶ 6.) Although Plaintiff argues that Google has offices "all over the world" including the East Coast, Plaintiff does not suggest any employees with knowledge of this case work in Google's East Coast offices. (Opp. at 2.) And none of these offices are located in Delaware.[1] *See id.* There is also no particular connection between Google's technologies and this district. Google's services are made available to users in every district in the United States, but they are developed, engineered, and maintained in northern California. (LaBarre Dec., ¶ 4.)

### III. AS PLAINTIFF HAS NO TIES TO DELAWARE, ITS CHOICE OF FORUM SHOULD NOT BE GIVEN MUCH WEIGHT.

A defendant's burden with respect to plaintiff's choice of forum is easier to meet where the plaintiff has not brought suit on its "home turf." *Pennwalt Corp. v. Purex Indus., Inc.*, 659 F. Supp. 287, 289 (D. Del. 1986). And when a plaintiff has "no connection" with the district, the "choice of forum is not entitled to great weight." *Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D.

---

[1] Although Plaintiff argues that the location of documents is not important, Google's highly confidential information is located in Northern California and faces a much greater risk of disclosure in being transported across the country, rather than driven to a nearby courthouse.

5

Pa. 1996); *see also Pennwalt Corp.*, 659 F. Supp. at 289. Here, Plaintiff does not claim Delaware is its "home turf" or provide any ties it has to this district.

Instead, Plaintiff seeks to distinguish both *Tranor* and *Pennwalt* on the basis that they do not have the exact same set of facts. (Opp. at 5 n.4.) For example, Plaintiff claims that *Tranor* is inapposite because it was a medical malpractice case and *Pennwalt* is distinguishable because it involved a small company. (*Id.*) Obviously, all cases under § 1404(a) will arise under different factual circumstances, but that does not mean that the rule of these cases is not applicable here. Given that Plaintiff admittedly has no connection to this district, the Court should grant Google's motion to transfer to the Northern District of California.

## IV. GOOGLE'S INCORPORATION IN DELAWARE IS NOT DISPOSITIVE ON TRANSFER.

Plaintiff also does not dispute that the state of Google's incorporation is not dispositive of the convenience of the forum – particularly because it has no offices or corporate presence in the state. *See APV North America, Inc. v. Sig Simonazzi North America, Inc.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002) ("Where an alternative forum is more convenient and has more substantial connections with the litigation incorporation in Delaware will not prevent transfer." (internal quotations omitted)).

Instead, Plaintiff argues – without any legal support – that because other lawsuits have been filed against Google in this district, Delaware is an appropriate forum. (Opp. at 9.) This argument is without merit. The number of lawsuits filed against a party in a particular forum has no impact on the § 1404(a) analysis, nor does it lessen the inconvenience to Google of litigating here. *See In re Genentech*, 566 F.3d at 1346 (holding that even a prior suit filed by the defendant did not impact the transfer analysis because "[t]he Supreme Court has long held that § 1404(a) requires 'individualized, case-by-case consideration of convenience and fairness.'").

6

## V. THE PUBLIC INTEREST FACTORS FAVOR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA

The public factors also weigh in favor of transferring this case to the Northern District of California. Although Plaintiff claims that the docket in this Court is less congested, even the statistics relied upon by Plaintiff show that the time from filing to disposition for civil cases in the Northern District of California is only 7.7 where it is 11.2 months in Delaware. (*See* Opp. Exs. 4 and 5.) Thus, the congestion of the dockets favors transfer.

Plaintiff also argues the Northern District of California has no "local" interest in this patent dispute despite Google being headquartered there by arguing that patent infringement is a national issue that does not implicate local interests. (Opp. at 13.) However, in trying to distinguish *In re TS Tech*, 551 F.3d 1315 (Fed. Cir. 2008), Plaintiff argues that "this District [Delaware] does have a 'substantial interest' in this litigation because it involves patent infringement by a Delaware corporation." *Id.* In other words, Plaintiff contends on the one hand that this case does not implicate any local interests in the Northern District of California where Google is headquartered because it is a patent case of national scope, but on the other hand argues that this case implicates a local interest in Delaware in this case because Google is incorporated here. The Court should reject these contradictory arguments and grant Google's motion to transfer.

## CONCLUSION

For the foregoing reasons, Google's Motion to Transfer this case to the Northern District of California should be granted.

OF COUNSEL:

Charles K. Verhoeven
David A. Perlson
Brian C. Cannon
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Tel.: (650) 801-5000


Dated: October 5, 2009
936264 / 34638

POTTER ANDERSON & CORROON LLP


By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Defendant Google, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on October 5, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on October 5, 2009, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Jeremy A. Tigan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Fl.
P.O. Box 1347
Wilmington, DE 19899-1347
klouden@mnat.com
jtigan@mnat.com

Yar R. Chaikovsky
Jimmy M. Shin
Jennifer D. Bennett
Sonnenschein Nath & Rosenthal LLP
1530 Page Mill Road, Ste. 200
Palo Alto, CA 94304-1125
ychaikovsky@sonnenschein.com
jshin@sonnenschein.com
jbennett@sonnenschein.com

Marc S. Friedman
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089
mfriedman@sonnenschein.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

932168 / 34638