IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PERSONALIZED USER MODEL LLP, :
:
       Plaintiff, :
:
  v. : Civil Action No. 09-525-JJF
:
GOOGLE, INC., :
:
       Defendant. :

Karen Jacobs Louden, Esquire and Jeremy Alexander Tigan, Esquire of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware.

Attorneys for Plaintiff.

David Ellis Moore, Esquire and Richard L. Horwitz, Esquire of Potter Anderson & Corroon, LLP, Wilmington, Delaware

Attorneys for Defendants.

**MEMORANDUM OPINION**

October 27, 2009
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is a Motion To Transfer Venue To The Northern District Of California (D.I. 9) filed by Defendant Google, Inc. ("Google"). Plaintiff, Personalized User Model, L.L.P. ("Personalized User Model"), opposes the Motion. (D.I. 12.) For the reasons discussed below, the Motion will be denied.

**I. THE LEGAL STANDARD FOR CHANGE OF VENUE**

A change of venue or "transfer" may be granted by a district court pursuant to 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Id. Section 1404(a) is not complicated. It instructs a district court that it <u>may</u> transfer a case if:

> 1) the case could have been filed initially in the district the court is considering transferring the case to;
>
> 2) the parties and witnesses for both sides of the case would find it more convenient to litigate in the district under consideration by the court; and
>
> 3) the transfer to another court for the convenience of the parties and witnesses is in the interest of justice, or to state another way, it is fair and reasonable to send the parties and witnesses to another federal district for convenience purposes.

From these simple, straightforward principles, a legend of case law has developed concerning the transfer of venue for the convenience of the parties and witnesses. In the Third Circuit district courts are required to analyze and weigh a set of eleven

1

(11) private/public factors. Those factors are best set forth in Jumara v. State Farm Ins. Co., 55 F.3d 873, (3d Cir. 1995):

The Private Factors:

1) The plaintiff's forum preference as manifested in the original choice;

2) the defendant's preference;

3) whether the claim arose elsewhere;

4) the convenience of the parties;

5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and

6) the location of books and records, but only to the extent that they may actually be unavailable for trial in one of the fora.

The Public Factors:

1) The enforceability of the judgment;

2) practical considerations that could make the trial easy, expeditious, or inexpensive;

3) the relative administrative difficulty in the two fora resulting from court congestion;

4) the local interest; and

5) the public policies of the fora.

## II. THE PARTIES' CONTENTIONS

The parties' contentions concerning these private and public factors are:

| Private Factors - Parties' Contentions | | |
|---|---|---|
| | Plaintiff | Defendant |
| 1. Plaintiff's preference as manifested by its choice of forum | Plaintiff's choice of forum is due great deference under Third Circuit precedent. | Plaintiff's choice of forum should receive considerably less deference because Plaintiff has no connection to this District (i.e. Delaware is not Plaintiff's "home turf"). |
| 2. The defendant's preference | No argument made. | Defendant prefers transfer arguing convenience. |
| 3. Whether the plaintiff's claim arose elsewhere | The infringement claims of Plaintiff occurred in every federal district, and therefore, the claims arose in California to the same extent the claims arose in Delaware. | Plaintiff's claim arose in the United States District Court for the Northern District of California. |
| 4. The convenience of the parties | Defendant's incorporation in Delaware makes it impossible for Defendant to argue that it is not convenient for Defendant to litigate in its home state, Delaware. | The convenience of the parties weighs in favor of transfer because of the parties' locations, principal places of business, the expense of travel, and the effect of absent witnesses. |

| 5. The convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora | Defendant has not established that any witnesses will refuse to travel to Delaware or that the cost of traveling to Delaware would be burdensome. | Several non-party witnesses would be unavailable in Delaware because they are outside of subpoena authority of the Delaware District Court. |
|---|---|---|
| 6. The location of books and records, but only to the extent that they may actually be unavailable for trial in one of the fora | Defendant does not contend that records could not be produced in Delaware, only that it would produce a hardship and Plaintiff contends that hardship is greatly exaggerated. | The location of the documentary evidence favors transfer because transporting a high number of Defendant's confidential technical documents would increase the chances of a confidentiality breach. |

| Public Factors - Parties' Positions |||
|---|---|---|
| | Plaintiff | Defendant |
| 1. The enforceability of the judgment | No argument made. | A judgment in either district could be enforced against Defendant. |
| 2. Practical considerations that could make the trial easy, expeditious, or inexpensive | No argument made. | The practical considerations of cost and witness availability addressed in the private factors also favor transfer for this public factor. |

| 3. The relative administrative difficulty in the two fora resulting from court congestion | Docket congestion does not favor transfer because the backlog in both districts is comparable; however, Delaware is slightly less congested. | Docket congestion favors transfer because the case load in the California Court is less than in Delaware. |
|---|---|---|
| 4. The local interest | There are no local interests in a patent case because patent infringement is a national issue. | California has a greater interest in the subject matter of this litigation because it is where the technology and alleged infringement started. |
| 5. The public policies of the fora | Delaware has extensive experience with patent cases. | No argument made. |

## III. DISCUSSION OF THE RELEVANT FACTORS

With the parties' positions set forth in the contention charts, the following are the Court's findings on each factor.

| Private Factors - Court's Findings ||
|---|---|
| | Court's Finding |
| 1. Plaintiff's forum preference as manifested in the original choice | A plaintiff's choice of venue is given great deference, and the Court will give such deference to Plaintiff because it filed this case in this Court for legitimate reasons. Accordingly, this factor weighs against transfer. |
| 2. The defendant's preference | Defendant clearly prefers a transfer, and thus, this factor favors transfer. |

| 3. Whether the claim arose elsewhere | Because of the national scope of the technology in question, the Court finds that Plaintiff's claim arose in Delaware to the same extent as in any other district. Accordingly, this factor weighs against transfer. |
|---|---|
| 4. The convenience of the parties | Although Defendant may find it more convenient to litigate in California, Plaintiff chose to litigate in Delaware because it believed this Court was more convenient for it. Thus, this factor is neutral with regard to transfer. |
| 5. The convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora | Defendant can not establish that witnesses would refuse or be physically unable to attend trial in Delaware. Accordingly, the Court finds that this factor weighs against transfer. |
| 6. The location of books and records, but only to the extent that they may actually be unavailable for trial in one of the fora | Defendant has not convincingly demonstrated that maintaining confidentiality of records and technology will be more difficult in Delaware than in California, and therefore, the Court finds this factor weighs against transfer. |

| Public Factors - Court's Findings ||
|---|---|
| | Court's Findings |
| 1. The enforceability of the judgment | A judgment in either the Delaware or California court would be enforceable. Accordingly, the Court finds that this factor is neutral with regard to transfer. |
| 2. Practical considerations that could make the trial easy, expeditious, or inexpensive | There are no significant public efficiency differences between the two districts, and, accordingly, the Court finds that this factor is neutral with regard to transfer. |

| 3. The relative administrative difficulty in the two fora resulting from court congestion | There are no significant congestion differences between the two districts, and, accordingly, the Court finds that this factor is neutral with regard to transfer. |
|---|---|
| 4. The local interest | Patent cases are national cases and seldom open to a local interest analysis. Thus, the Court finds that this factor weighs against transfer. |
| 5. The public policies of the fora | There are no significant public policy differences between the two districts, and, accordingly, the Court finds that this factor is neutral with regard to transfer. |

## IV. DECISION

In sum, after considering the private and public factors the Court finds that this case could have been filed in the District of Northern California. However, Plaintiff chose to file the case in Delaware because Google is incorporated in and a resident of Delaware. For this reason, Google cannot complain that it is unfair or unreasonable to be sued in its home state. Additionally, although Google may find it more convenient for it to litigate this case in California, Plaintiff chose Delaware because Plaintiff finds Delaware convenient for it. Consequently, convenience of the parties does not support a transfer of venue.

Interestingly, the Court would reach the same conclusion by applying the three principles of Section 1404(a) without the enhanced analysis required by the eleven private/public factors

of the case law.

Accordingly, the Court finds that Google has not established that a transfer of venue to the Northern District of California would be more convenient than the District of Delaware for the parties and most of the witnesses that will be involved in this litigation. Therefore, the Motion to Transfer Venue to the Northern District of California filed by Google will be denied by an order to be entered.