IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONALIZED USER MODEL, L.L.P., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 09-525 (JJF) ) |
| GOOGLE, INC., | ) ) |
| Defendant. | ) |

**PLAINTIFF PERSONALIZED USER MODEL, L.L.P.'S
ANSWER TO DEFENDANT GOOGLE, INC.'S COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant Personalized User Model, LLP ("P.U.M."), in answer to the Counterclaims of Defendant Google, Inc. ("Google"), filed with this Court on May 10, 2010, states:

**Parties**

1.  P.U.M. admits the allegations set forth in paragraph 1 of Google's Counterclaims.

2.  P.U.M. denies P.U.M. is a "corporation" and states it is a limited liability partnership. P.U.M. otherwise admits the allegations set forth in paragraph 2 of Google's Counterclaims.

**Jurisdiction and Venue**

3.  P.U.M. admits the allegations set forth in paragraph 3 of Google's Counterclaims.

4.  P.U.M. denies that the interests and convenience of the parties, the public, and the courts would be better served by transferring this case to the Northern District of California. P.U.M. otherwise admits the allegations set forth in paragraph 4 of Google's Counterclaims.

### COUNT I:  Declaratory Judgment of Non-Infringement of the '040 Patent

5. As to the allegations set forth in Paragraph 5 of Google's Counterclaims, P.U.M. incorporates by reference each of its responses to paragraphs 1 through 4 above, and does not respond to the allegations set forth in paragraphs 1 through 15 of Google's Answer, incorporated by reference in the Counterclaims, as no response is required.

6. P.U.M. admits the allegations set forth in paragraph 6 of Google's Counterclaims.

7. P.U.M. admits the allegations set forth in paragraph 7 of Google's Counterclaims.

8. P.U.M. denies the allegations set forth in paragraph 8 of Google's Counterclaims.

### COUNT II:  Declaratory Judgment of Non-Infringement of the '031 Patent

9. As to the allegations set forth in Paragraph 9 of Google's Counterclaims, P.U.M. incorporates by reference each of its responses to paragraphs 1 through 8 above, and does not respond to the allegations set forth in paragraphs 1 through 15 of Google's Answer, incorporated by reference in the Counterclaims, as no response is required.

10. P.U.M. admits the allegations set forth in paragraph 10 of Google's Counterclaims.

11. P.U.M. admits the allegations set forth in paragraph 11 of Google's Counterclaims.

12. P.U.M. denies the allegations set forth in paragraph 12 of Google's Counterclaims.

**COUNT III:  Declaratory Judgment of Non-Infringement of the '276 Patent**

13.     As to the allegations set forth in Paragraph 13 of Google's Counterclaims, P.U.M. incorporates by reference each of its responses to paragraphs 1 through 12 above, and does not respond to the allegations set forth in paragraphs 1 through 15 of Google's Answer, incorporated by reference in the Counterclaims, as no response is required.

14.     P.U.M. admits the allegations set forth in paragraph 14 of Google's Counterclaims.

15.     P.U.M. admits the allegations set forth in paragraph 15 of Google's Counterclaims.

16.     P.U.M. denies the allegations set forth in paragraph 16 of Google's Counterclaims.

**COUNT IV:  Declaratory Judgment of Invalidity and/or
Unenforceability of the '040 Patent**

17.     As to the allegations set forth in Paragraph 17 of Google's Counterclaims, P.U.M. incorporates by reference each of its responses to paragraphs 1 through 16 above, and does not respond to the allegations set forth in paragraphs 1 through 15 of Google's Answer, incorporated by reference in the Counterclaims, as no response is required.

18.     P.U.M. denies the allegations set forth in paragraph 18 of Google's Counterclaims.

**COUNT V:  Declaratory Judgment of Invalidity and/or
Unenforceability of the '031 Patent**

19.     As to the allegations set forth in Paragraph 19 of Google's Counterclaims, P.U.M. incorporates by reference each of its responses to paragraphs 1 through 18 above, and

does not respond to the allegations set forth in paragraphs 1 through 15 of Google's Answer, incorporated by reference in the Counterclaims, as no response is required.

20. P.U.M. denies the allegations set forth in paragraph 20 of Google's Counterclaims.

### COUNT VI:  Declaratory Judgment of Invalidity and/or Unenforceability of the '276 Patent

21. As to the allegations set forth in Paragraph 21 of Google's Counterclaims, P.U.M. incorporates by reference each of its responses to paragraphs 1 through 20 above, and does not respond to the allegations set forth in paragraphs 1 through 15 of Google's Answer, incorporated by reference in the Counterclaims, as no response is required.

22. P.U.M. denies the allegations set forth in paragraph 22 of Google's Counterclaims.

### Exceptional Case

23. P.U.M. denies the allegations set forth in paragraph 23 of Google's Counterclaims.

### Prayer

WHEREFORE, Plaintiff and Counterclaim-Defendant P.U.M. respectfully requests that the relief Google requests be denied and that P.U.M. be granted the following relief with respect to Google's Counterclaims:

1. That judgment be entered in favor of P.U.M. on each of Google's Counterclaims, and that Google take nothing by reason of its Counterclaims;

2. That P.U.M. be awarded its attorneys' fees and costs of suit incurred in defense of Google's Counterclaims; and

3. Such other and further relief as the Court may deem just and proper.

4

OF COUNSEL:

Marc S. Friedman
SONNENSCHEIN NATH
  & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY  10020-1089
(212) 768-6767

Jimmy M. Shin
Jennifer D. Bennett
SONNENSCHEIN NATH
  & ROSENTHAL LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA  94304-1125
(650) 798-0300

June 3, 2010
3559405

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Karen Jacobs Louden (#2881)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com
jtigan@mnat.com
   *Attorneys for Personalized User Model, L.L.P.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on June 3, 2010 upon the following individuals in the manner indicated:

**BY E-MAIL & HAND-DELIVERY**

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 N. Market St., 6th Floor
Wilmington, DE 19801
**rhorwitz@potteranderson.com**
**dmoore@potteranderson.com**

**BY E-MAIL**

Brian C. Cannon
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
**briancannon@quinnemanuel.com**

Charles K. Verhoeven
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
**charlesverhoeven@quinnemanuel.com**

David A. Perlson
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
**davidperlson@quinnemanuel.com**

Antonio R. Sistos
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
**antoniosistos@quinnemanuel.com**

Eugene Novik
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
**eugenenovikov@quinnemanuel.com**

*/s/ Jeremy A. Tigan*

_____
Jeremy A. Tigan (#5239)

3559405