MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

KAREN JACOBS LOUDEN
302 351 9227
302 425 4681 FAX
klouden@mnat.com

February 18, 2011 - Original Filing Date

REDACTED - PUBLIC VERSION

The Honorable Leonard P. Stark
United States District Court
For the District of Delaware
844 North King Street
Wilmington, DE 19801

*VIA ELECTRONIC FILING*

Re: *Personalized User Model, L.L.P. v. Google, Inc.*
C.A. No. 09-525 (LPS)

Dear Judge Stark:

We submit this letter in advance of the February 22, 2011 discovery conference (D.I. 190) regarding (i) Google, Inc.'s ("Google") refusal to permit Personalized User Model ("P.U.M.") to inspect Google's source code repository, as sought in P.U.M.'s First Request for Inspection (D.I. 128), attached as Ex. 1, and (ii) Google's refusal to provide a corporate representative to testify regarding certain topics listed in P.U.M.'s Amended Notice of Rule 30(b)(6) Deposition (D.I. 176), attached as Ex. 2, and to produce documents relating to these topics.

## I. P.U.M. Should Be Permitted To Inspect Google's Source Code Repository.

There is no dispute here that Google's source code is relevant to the issues in this case. Fed. R. Civ. P. 26(b)(1). Rather, Google maintains that P.U.M. does not have the right to inspect the source code as it is kept in the ordinary course of business because Google has been producing source code files on a standalone computer pursuant to the Protective Order in this case. As demonstrated below, that review is not the exclusive means of discovery, and has not been sufficient for P.U.M. to understand the operation of the accused products.

### A. The Federal Rules Permit Both The Production Of Documents And Their Inspection.

Fed. R. Civ. P. 34 provides that "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control." Such items include "(A) any designated documents or

electronically stored information ..." *Id.* Google's main argument – that P.U.M.'s inspection is precluded by the parties' agreement that the source code is to be produced on a standalone computer per the Protective Order – is contrary to the plain language of Rule 34.

**B. P.U.M's Inspection Of Google's Source Code Is The Most Efficient And Effective Way For Discovery To Move Forward In This Case.**

To date, P.U.M.'s expert (Michael Pazzani) has spent more than 100 hours reviewing source code in this case that Google provided on a standalone computer at the offices of Google's outside counsel. *See* Declaration of Michael Pazzani ("Pazzani Decl."), ¶ 2. Further, P.U.M.'s consulting expert has also spent nearly 100 hours reviewing such code at Google's outside counsel's offices. [redacted]

[redacted]

[redacted]

The code that has been produced, moreover, is a mixture of test code, obsolete code, and code currently used in launched products. Because it is impossible to distinguish between test code, obsolete code, and live code while looking at it on the standalone computer, P.U.M. sought to obtain that information from Google's 30(b)(6) witnesses to no avail. [redacted] P.U.M. then promptly propounded Interrogatory No. 18

seeking that information (D.I. 124). That Interrogatory, however, remains unanswered some 73 days after it was served.[1] This continued delay severely prejudices P.U.M.'s ability to move forward in this case.

Lastly, Google complains that such an inspection would be overly burdensome, intrusive, and a security risk. This is not the case. Rather than flood Google with what may be hundreds of requests for additional source code, going back and forth via letters as to relevance, and perhaps resorting to additional motion practice, it is more efficient to permit P.U.M. to inspect Google's source code repository so P.U.M. can quickly determine what additional code is needed. *See* Pazzani Decl., ¶¶ 5-7. Such code can then be requested with specificity and produced on the standalone computer per the established procedure. Permitting such an inspection both streamlines the code production process and reduces security risks by limiting the amount of code produced.

## II. Google Should Be Required To Designate a Witness to Testify On P.U.M.'s Amended 30(b)(6) Topics and to Produce Related Documents.

P.U.M. also asks that the Court require Google to provide a witness for Amended Deposition Notice topics 3-6, 9, and 10, attached as Ex. 2, and produce documents relating to these topics. Topics 3-6 relate to Google's efforts to personalize search results and advertisements prior to its acquisition of a company called Kaltix in 2003, other personalization efforts that Google was aware of prior to the Kaltix acquisition, the facts surrounding the acquisition, and how Google incorporated the Kaltix technology into its personalization efforts. These topics are relevant to secondary considerations of non-obviousness, including, but not limited to, the failure of others, Google's inability to develop the personalization technology on its own, and long-felt need. These topics are also relevant to how the products and methods accused in this case were developed. [redacted]

[redacted]
Because damages and willfulness have been bifurcated, P.U.M. does not seek detailed discovery regarding these topics. However, Google will tell a story at trial as to why it believes it has been sued, and P.U.M. should be allowed to discover general information regarding what Google did after receiving notice of the patent.

---

1 Google's latest position is that it will provide the information by the end of next week, but the information is currently not in a form that we can understand. P.U.M. thus does not know when Google will ultimately provide the information sought.

Respectfully,

*/s/ Karen Jacobs Louden*

Karen Jacobs Louden (#2881)

KJL/dlb
Enclosures
cc: Clerk of Court (Via Hand Delivery; w/ encl.)
Richard L. Horwitz, Esquire (Via Electronic Mail; w/ encl.)
Brian C. Cannon, Esquire (Via Electronic Mail; w/ encl.)
Charles K. Verhoeven, Esquire (Via Electronic Mail; w/ encl.)
Marc S. Friedman, Esquire (Via Electronic Mail; w/ encl.)
Jennifer D. Bennett, Esquire (Via Electronic Mail; w/ encl.)