MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

KAREN JACOBS LOUDEN
302 351 9227
302 425 4681 FAX
klouden@mnat.com

February 21, 2011 - Original Filing Date

REDACTED - PUBLIC VERSION

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

***VIA ELECTRONIC FILING***

*Re:* *Personalized User Model, L.L.P. v. Google, Inc.*
C.A. No. 09-525 (LPS)

Dear Judge Stark:

Nineteen months into this case, after hundreds of thousands of pages of documents have been produced, numerous depositions have been taken, and with a mere 38 days left in fact discovery, Google asks that the Court bifurcate Google's newly-minted ownership defense and stay discovery going forward on everything except for that defense. We submit this letter in response to Google's February 18, 2011 letter (D.I. 193) seeking such relief, and respectfully request that Google's request be denied for the reasons set forth below.

**I. The Court Should Not Entertain Google's Request For Bifurcation.**

As a threshold matter, the Court should not entertain Google's bifurcation request at this time because Google's request is not a "discovery" dispute. As such, the request should have been addressed by motion, and not through the letter briefing process. *See, e.g., Leader Techs., Inc. v. Facebook, Inc.*, 2010 WL 3488713, at *1 (D. Del. Aug. 31, 2010). *See also* D. Del. LR 7.1.2(a) ("Unless otherwise ordered, all requests for relief shall be presented to the Court *by motion*.") (emphasis added).

**II. Regardless, Google's Request For Bifurcation And A Stay Of All Discovery Except For That Relating To Ownership Should Be Denied.**

First, Google's so-called ownership defense it not likely to succeed. [redacted]

[redacted]

Further, Google has already admitted that more discovery is needed. In connection with the filing of its amended complaint, Google agreed to extend discovery on *all* issues from the end of February to the end of March. *See* Stipulation Regarding Extension of Fact Discovery Deadline, filed Jan. 26, 2011 (D.I. 171).

Second, there is no reason to bifurcate patent ownership in this case. Bifurcation in patent cases remains the exception rather than the rule. *Sepracor Inc. v. Dey L.P.*, 2010 WL 2802611, at *3 (D. Del. July 15, 2010). When considering bifurcation, Courts should consider whether such action will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case. *Id.* Bifurcating Google's ownership defense will not accomplish these goals.

Bifurcating this case will not avoid prejudice -- it will create prejudice. This case is nineteen months old. The claim construction has been argued and fact discovery closes in slightly more than a month. Both parties, but particularly P.U.M. whose resources are more limited, have spent substantial sums litigating this case. Extending the final disposition of the case so as to permit Google to separately try its recently purchased defense will unnecessarily delay the resolution of the case-in-chief to P.U.M.'s prejudice. *See H.B. Fuller Co. v. Nat'l Starch & Chem. Corp.*, 595 F. Supp. 622, 625 (D. Del. 1984) (separate trials on defenses would "unduly extend the final disposition of this case to [Plaintiff's] prejudice"); *Datastrip (10M) Ltd. v. Symbol Tech., Inc.*, 1998 WL 35287850, at *3 (D. Del. Jan. 7, 1998) (delay caused by bifurcation would be prejudicial to plaintiff); *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992) (unfair delay is prejudicial). The prejudice is particularly acute here because this case is already bifurcated. Google would have P.U.M.'s day in court delayed, perhaps for years, while the parties first complete discovery and then try Google's ownership defense, then resume discovery on liability and try that aspect of the case, then take discovery on damages and try the damages case. The cost and delay associated with such piecemeal resolution would severely prejudice P.U.M.

In this instance, bifurcation is also inconvenient and uneconomical. Here, the potential that duplicative evidence will be presented at separate trials weighs heavily against bifurcation. *WebXchange Inc. v. Dell Inc.*, 2009 WL 5173485, at *3 (D. Del. Dec. 30, 2009). If the Court bifurcates ownership, P.U.M. would be forced to have witness(es) testify twice on similar issues -- once to tell the story of the invention during the ownership trial and again in the trial on the merits. Such duplication is both inconvenient and expensive. Alternatively, P.U.M. would be forced to present its case in a piecemeal fashion, which is unfair and prejudicial. *Datastrip*, 1998 WL 35287850, at *4 (single trial favored over "piecemeal" presentations).[1] Moreover, this case is distinguishable from those cases cited by Google. Here, unlike in *Victor Co.*, bifurcation will not result in savings because liability-related discovery is very far along. Likewise, because there is only a single defendant in this case, the simplification advantages present in *St. Clair* and *Commissariat* do not exist here.[2] In sum, none of the reasons to bifurcate are present in this case.

Third, discovery should not be stayed. Less than a month ago, Google stipulated to amend the Scheduling Order to extend the completion of *all* fact discovery to March 31, 2011. Google's "about face" on this issue without explanation is reason alone to deny its requested stay. But, the Court should also deny Google's requested stay because the request does not promote economic efficiency where, as here, fact discovery is nearing a close. To date, the parties have produced nearly 665,000 pages of documents; P.U.M. has deposed five Google witnesses; Google has deposed nearly all of the prosecuting attorneys, all three inventors, and one 30(b)(6) witness; the *Markman* hearing has occurred; and numerous discovery requests (including 53 interrogatories and 125 requests for production) have been propounded and answered by both parties. P.U.M., moreover, is now in the middle of performing the actions noted in Google's fourth and fifth bullet points and hopes to complete those actions in the near future. The parties are, in sum, neck deep in all aspects of liability discovery. Staying discovery would require both parties to re-educate themselves with respect to all of these issues again at a later date -- increasing the cost to both parties and decreasing the efficiency with which the matter is litigated before the Court.

For the foregoing reasons, the Court should deny Google's requested relief. But, in the event that the Court were inclined to consider Google's request, P.U.M. respectfully requests that the Court provide P.U.M. the opportunity for briefing with full citations to relevant authorities.

---

1 There may also be overlap with respect to other issues such as the conception/reduction testimony surrounding the ownership issue and other invalidity issues, as well as possible overlap with Google's laches defense. *See St. Jude Med., Inc. v. Access Closure, Inc.*, 2010 WL 4880806 (W.D. Ark. Nov. 23, 2010) (denying bifurcation because ownership involves both a jurisdictional issue and the merits of an invalidity claim).

2 This case is also distinguishable from *Kahn*. There, the Court held a separate issue on ownership on the eve of trial after *pro se* plaintiff Kahn waived his right to a jury trial.

Respectfully,

Karen Jacobs Louden

Karen Jacobs Louden

KJL

cc: Clerk of the Court (by hand)
Richard L. Horwitz, Esquire (via e-filing & e-mail)
David E. Moore, Esquire (via e-filing & e-mail)
Other Counsel of Record (via e-mail)