IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONALIZED USER MODEL, L.L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 09-525-LPS |
| ) | |
| GOOGLE INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| GOOGLE, INC. ) | |
| ) | **PUBLIC VERSION** |
| Counterclaimant, ) | |
| ) | |
| v. ) | |
| ) | |
| PERSONALIZED USER MODEL, LLP and ) | |
| YOCHAI KONIG ) | |
| ) | |
| Counterdefendants. ) | |

**DEFENDANT AND COUNTERCLAIMANT GOOGLE INC.'S MOTION FOR LEAVE TO FILE ITS MOTION FOR SUMMARY JUDGMENT ON ITS BREACH OF CONTRACT COUNTERCLAIM, ITS DECLARATION OF OWNERSHIP COUNTERCLAIM, AND ITS AFFIRMATIVE DEFENSE OF LACK OF STANDING**

OF COUNSEL:

Charles K. Verhoeven
David A. Perlson
Eugene Novikov
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
50 California St.
San Francisco, CA 94111
Tel.: (415) 875-6600

Andrea Pallios Roberts
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Tel.: (650) 801-5000
Dated: February 21, 2011
**PUBLIC VERSION: FEBRUARY 28, 2011**
1003122/ 34638

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Google Inc.*

Pursuant to Paragraph 6 of the September 29, 2010 Stipulated Amended Scheduling Order, Defendant and Counterclaimant Google Inc. ("Google") respectfully seeks leave of the Court to file its Motion for Summary Judgment On Its Breach of Contract Counterclaim, Its Declaration of Ownership Counterclaim, And Its Affirmative Defense of Lack Of Standing (Ex. A hereto), its Memorandum in support (Ex. A hereto), and the Declarations in support (Exs. B and C hereto).

Google requests that the Court grant it leave to file its motion for summary judgment prior to the date set in the September 29, 2010 Stipulated Amended Scheduling Order because Google's rightful ownership of the patents-in-suit and Plaintiff Personalized User Model, LLC ("PUM's") lack of standing to sue are threshold issues of jurisdiction. *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1467 (Fed. Cir. 1998). In discovery responses, PUM stated that the patents-in-suit were conceived and/or reduced to practice "███████████." Named co-inventor Yochai Konig was employed by Stanford Research Institute ("SRI") at that time. His SRI employment agreement plainly required him to disclose all discoveries and inventions conceived during his employment to SRI, and then to execute such documents and do all things necessary to effectuate transfer of ownership in the inventions to SRI. He did neither.[1]

███████████████████████████████████████████ Google is a rightful co-owner of the patents-in-suit and PUM lacks standing, having failed to join all co-owners to the patents-in-suit. If Google's motion is granted, then the remaining issues in the case will be moot. The parties and the Court can be saved the substantial cost and resources of preparing for and conducting trial on infringement and invalidity and remaining fact and expert discovery issues.

---

[1] After Google asked PUM whether it would oppose Google filing an early summary judgment motion on these issues, PUM served a supplemental interrogatory response changing its substantive response regarding the conception/reduction to practice date—obviously trying to manufacture a dispute of fact to avoid summary judgment. This response is an obvious "sham" and does not create a genuine issue of material fact precluding summary judgment.

Without leave to do so, however, Google cannot file its motion for summary judgment for several months. (D.I. 104.) Under the September 29, 2010 Stipulated Amended Scheduling Order, dispositive motions are to be filed within 30 days of the close of expert discovery. (*Id.*) Opening expert reports are not due until 30 days after the Court issues a claim construction order (the Court held a hearing on claim construction on January 11, 2011). Rebuttal expert reports are due 30 days after service of opening reports; and expert depositions must be completed 30 days after service of expert reports. (*Id.*) Thus, even if the Court were to issue a claim construction order this week, without leave, Google would still have to wait at least four months before it could file its motion. During this time, the parties and the Court would have to continue incurring substantial costs and resources litigating the other issues in the case.

Moreover, there is no reason to delay ruling on this threshold issue. Google's motion raises no claim construction issues; in fact it would make a claim construction ruling unnecessary. There is also no need for additional discovery on the issues in Google's motion. PUM has certainly identified none. Indeed, prior to filing the instant motion for leave, Google met and conferred with PUM in an attempt to obtain PUM's consent to allowing Google to file its summary judgment motion. PUM refused to consent, but did not provide any explanation for its refusal or why leave should not be granted. Granting Google leave to file its motion prior to the date in the Stipulated Amended Scheduling Order so that the Court can resolve this threshold issue is an efficient way to streamline the case and will conserve resources.

Accordingly, Google respectfully requests that the Court grant Google's Motion for Leave to file Google's Motion for Summary Judgment On Its Breach Of Contract Counterclaim, Its Declaration of Ownership Counterclaim, And Its Affirmative Defense Of Lack Of Standing.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP |
| Charles K. Verhoeven<br>David A. Perlson<br>Eugene Novikov<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN, LLP<br>50 California St.<br>San Francisco, CA 94111<br>Tel.: (415) 875-6600 | By: /s/ David E. Moore<br>   Richard L. Horwitz (#2246)<br>   David E. Moore (#3983)<br>   Hercules Plaza, 6th Floor<br>   1313 N. Market Street<br>   Wilmington, DE 19801<br>   Tel: (302) 984-6000<br>   rhorwitz@potteranderson.com<br>   dmoore@potteranderson.com |
| Andrea Pallios Roberts<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN, LLP<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>Tel.: (650) 801-5000 | *Attorneys for Defendant Google Inc.* |

Dated: February 21, 2011
**PUBLIC VERSION: FEBRUARY 28, 2011**
1003122/ 34638

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 28, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 28, 2011, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Jeremy A. Tigan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Fl.
P.O. Box 1347
Wilmington, DE 19899-1347
klouden@mnat.com
jtigan@mnat.com

Marc S. Friedman
SNR Denton US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
marc.friedman@snrdenton.com

Jimmy M. Shin
Jennifer D. Bennett
SNR Denton US LLP
1530 Page Mill Road, Ste. 200
Palo Alto, CA 94304-1125
james.shin@snrdenton.com
jennifer.bennett@snrdenton.com

Mark C. Nelson
SNR Denton US LLP
2000 McKinney, Suite 1900
Dallas, TX 75201
mark.nelson@snrdenton.com

/s/ *David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

932168 / 34638