IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PERSONALIZED USER MODEL, L.L.P.   :
                                  :
                   Plaintiff,     :
                                  :
          v.                      :      C.A. No. 09-525-LPS
                                  :
GOOGLE, INC.                      :
                                  :
                   Defendant.     :

## MEMORANDUM ORDER

Pending before the Court are Defendant Google, Inc.'s ("Google") motion to dismiss for

lack of subject matter jurisdiction (D.I. 301) and Plaintiff Personalized User Model, L.L.P.'s

("PUM") cross-motion for leave to substitute Levino Ltd. ("Levino") as Plaintiff (D.I. 309).  For

the reasons set forth below, the Court will DENY Google's motion to dismiss and DENY AS

MOOT PUM's motion to substitute plaintiff.

1.      PUM filed this patent infringement lawsuit on July 16, 2009.  (D.I. 1)

2.      PUM asserts that Google infringes claims in U.S. Patent Nos. 6,981,040 and

7,685,276 (the "patents-in-suit").  (*Id.*)

3.      On June 15, 2000, the inventors of the patents-in-suit assigned their rights to

Utopy, Inc.  Utopy, Inc. assigned its rights to Levino on March 2, 2006.  Levino assigned its

rights to PUM on May 23, 2007.  On January 8, 2008, PUM recorded the assignment with the

United States Patent & Trademark Office.

4.      On July 26, 2011, Google moved to dismiss based on PUM's purported lack of

standing.  In Google's view, the assignment from Levino to PUM in May 2007 was ineffective

1

because, as of the date of the assignment, PUM did not yet exist.

5.     The parties agree that the legal effect of the assignment agreement is governed by Texas law. (D.I. 302, 310)

6.     Having reviewed Texas law, including the cases cited by the parties, the Court concludes that legal title to the patents-in-suit passed to PUM on August 14, 2007, by virtue of the May 23, 2007 assignment from Levino and the August 14, 2007 Texas Secretary of State's issuance of a Certificate of Filing, recognizing PUM as a limited partnership.

7.     Title passed to PUM on the date the Texas Secretary of State recognized PUM as a legal entity. *See Lighthouse Church of Cloverleaf v. Texas Bank*, 889 S.W.2d 595, 602 (Tex. App. 1994) (adopting holding of *John Davis & Co. v. Cedar Glen # Four, Inc.*, 450 P.2d 166, 170 (Wash. 1969), that legal title passes when corporation becomes legal entity); *see also* 19 CORPUS JURIS SECUNDUM, CORPORATIONS § 741 (2012) ("[A]ccording to some authority, a deed to a corporation made prior to its organization is valid between the parties, and the corporation is deemed to have acquired valid legal title on the date when the corporation is legally incorporated."); 26A CORPUS JURIS SECUNDUM, DEEDS § 17 (2012) ("When a deed is made to a corporation before its organization, title passes when the corporation is legally incorporated."); *Luna v. Brownell*, 110 Cal. Rptr. 3d 573, 578 (Cal. Ct. App. 2010) (holding that deed of trust was not void between grantor and grantee because trust did not exist; instead, deed became valid on date trust was created).

8.     Under Texas law, the assignment to PUM was subsequently ratified by virtue of recording the assignment with the United States Patent & Trademark Office after PUM's formal recognition as a limited partnership. *See Wetzel v. Sullivan, King & Sabom, P.C.*, 745 S.W.2d

2

78, 81 (Tex. App. 1988) (stating that ratification occurs when party affirmatively acknowledges contract). Though recording is merely a ministerial act, it serves to provide legal notice to the public of the assignment. *See* MPEP 301 (8th ed. July 2010).

9.      The Court finds in the authorities cited by the parties no basis for limiting the effectiveness of the assignment agreement and subsequent ratification only to disputes between the parties to the assignment, as Defendant asserts. It is true that in *Lighthouse* the Texas court stated, "under principles of equity, . . . a void deed is valid between the grantor and grantee, but void when asserted against third parties." 889 S.W.2d at 602. However, once a corporation is formally incorporated, it becomes a legal entity and valid title passes without reliance on principles of equity. *See John Davis*, 450 P.2d at 170 ("Title passes when the corporation is legally incorporated. This is particularly true as against one who does not hold superior title when the corporation goes into possession under the deed.").

10.     Defendant is correct that equitable title does not give one standing to bring a patent litigation suit. *See Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579-80 (Fed. Cir. 1991). But the Court finds nothing in the cited authorities that renders the title that passed to PUM under Texas law merely equitable title, as opposed to legal title. Although PUM may have had only equitable title (that could have been asserted only against Levino) prior to its incorporation, upon its recognition by the Texas Secretary of State (on August 14, 2007) PUM obtained legal title.

3

11.     Because PUM had legal title to the patents-in-suit on the date it filed suit in 2009,

it has standing.  Accordingly, this Court has subject matter jurisdiction.  IT IS HEREBY

ORDERED that Defendant Google's motion to dismiss (D.I. 301) is DENIED.[1]


Dated: September 13, 2012
Wilmington, Delaware                        UNITED STATES DISTRICT COURT

---

[1]PUM's cross-motion seeks to substitute Levino for PUM as plaintiff, but only in the
event the Court were to grant Google's motion to dismiss.  (D.I. 309)  As the Court has denied
Google's motion to dismiss, IT IS HEREBY ORDERED that PUM's cross-motion (D.I. 309) is
DENIED AS MOOT.