IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONALIZED USER MODEL, L.L.P., | : |
| Plaintiff, | : |
| v. | : C.A. No. 09-525-LPS |
| GOOGLE, INC., | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Google, Inc.'s ("Google") Motion for a Stay of the Proceedings. (D.I. 385) For the reasons set forth below, the Court will DENY the motion.

1. Plaintiff, Personalized User Model, L.L.P. ("PUM"), filed this patent infringement lawsuit on July 16, 2009. (D.I. 1)

2. PUM asserts that Google infringes U.S. Patent Nos. 6,981,040 (the "'040 patent") and 7,685,276 (the "'276 patent") (collectively, the "patents-in-suit"). (*Id.*)

3. On August 30, 2012, Google moved to stay the proceedings (D.I. 385) based on the reexamination of the patents-in-suit. The United States Patent and Trademark Office ("PTO") issued a Final Office Action rejecting all asserted claims of the '276 patent on August 17, 2012. On August 19, 2012, the PTO issued an Action Closing Prosecution ("ACP") finding all asserted claims of the '040 patent invalid. The '040 patent is listed as "ready for Examiner Action Following ACP."

4. Courts typically consider three factors in determining whether a stay is appropriate: (1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a

clear tactical disadvantage to the non-moving party. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Enhanced Sec. Research, LLC. v. Cisco Sys., Inc.*, 2010 WL 2573925, at *3 (D. Del. June 25, 2010). Courts may also consider whether the moving party would face undue hardship or inequity in the absence of a stay. *See Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010).

5. Applying these considerations here, the Court finds that the potential for simplification favors a stay, but only slightly. Google is correct that if the patents-in-suit are invalidated by the reexaminations then the Court must dismiss this case. Given that all asserted claims of both patents-in-suit stand rejected, and given the stage of the reexaminations, there is a significant likelihood that this will occur, resulting in the maximum "simplification" of this litigation by ending it. PUM, of course, asserts that it has reasons to believe it will overcome the Examiner's rejections. (D.I. 398 at 6-7) More importantly, final conclusion of the reexaminations (including appeals) is likely to take quite some time, and certainly longer than it is likely to take to bring this case to trial. Additionally, there are issues pending in this litigation which cannot be addressed during the reexamination (other than by being rendered moot if the PTO invalidates both patents-in-suit), including issues of infringement and invalidity under 35 U.S.C. §§ 101, 102, 103, and 112. (D.I. 398 at 16) Often "a stay is not favored when infringement, validity under 35 U.S.C. § 112, or other issues outside the purview of reexamination remain to be tried." *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010).

6. The stage of the instant proceedings strongly disfavors a stay. Indeed, the fact that Google waited to seek a stay until after the parties, and the Court, had invested substantial

resources in this case is a central consideration in the Court's evaluation of Google's motion. The Court has already construed the disputed claim terms (D.I. 347), fact discovery is complete (D.I. 32),[1] the parties have served opening and rebuttal expert reports, expert discovery will be complete by November 14, 2012, and case dispositive motions are due shortly thereafter. Though no trial date is set, the case will be ready for trial following resolution of case dispositive motions. All of this, again, disfavors granting a stay.

7. The prejudice factor does not weigh meaningfully in favor of either side. In assessing the prejudice to the non-moving party, the Court may consider (1) the timing of the request for reexamination, (2) the timing of the request for a stay, (3) the status of reexamination proceedings, and (4) the relationship of the parties. *See Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, 2010 WL 4823393, at *2 (D. Del. Nov. 22, 2010). Google did not request reexamination of the patents-in-suit early in the lawsuit. Google requested *inter partes* reexamination of the '040 patent on March 31, 2011 and of the '276 patent on August 3, 2011. By August 2011, the Court had already held a *Markman* hearing and fact discovery was nearly closed. Likewise, Google did not move to stay until August 2012, one year after requesting reexamination, and more than two years after commencement of this litigation. On the other hand, the reexamination proceedings are somewhat advanced – the PTO has issued a Final Office Action for the '276 patent and the Final Office Action for the '040 patent may issue soon – and the parties are not direct competitors.

8. A stay may tactically disadvantage PUM. Resuming litigation after the likely long

---

[1]The Court recently re-opened fact discovery for the limited purpose of allowing discovery on Google's Portrait functionality. That discovery is now complete. (D.I. 398 at 4)

process of reexamination would potentially present issues of "staleness" of evidence. For example, PUM's infringement claims depend on how the allegedly infringing products function today, as described by witnesses who may suffer from faded memories as time passes. (*See* D.I. 398 at 10-11) (citing transcript rulings assessing similar circumstances) Google may not suffer the same disadvantage in pressing its invalidity claims, as those claims rely on prior art. *See generally Cooper*, 2010 WL 5149351, at *4 (stating that non-movant's reliance on "stale evidence, faded memories, and lost documents," as compared to movant's evidence rooted in prior art references, disfavors stay).

9. Google points to no other hardship other than the expense of litigation and the risk that the reexaminations will render the case moot. Under the circumstances here, these do not rise to the level of undue hardship favoring a stay. *See Cooper*, 2010 WL 5149351, at *2.

10. Overall, the Court concludes that the factors discussed above disfavor granting Google's requested stay. *See generally Vehicle IP*, 2010 WL 4823393, at *3 ("[I]t is the court's foremost obligation to see litigations through to trial in a timely and efficient manner.").

Accordingly, Google's Motion to Stay (D.I. 385) is DENIED.

Dated: October 31, 2012  
Wilmington, Delaware

UNITED STATES DISTRICT COURT