**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PERSONALIZED USER MODEL, L.L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-525-LPS |
| | ) | |
| GOOGLE INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| GOOGLE, INC. | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PERSONALIZED USER MODEL, LLP and YOCHAI KONIG | ) | |
| | ) | |
| | ) | |
| Counterdefendants. | ) | |

**GOOGLE'S MOTION FOR RECONSIDERATION OF THE COURTS SUMMARY JUDGMENT ORDER ON GOOGLE'S BREACH OF CONTRACT COUNTERCLAIM**

OF COUNSEL:

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Charles K. Verhoeven
David A. Perlson
Joshua Lee Sohn
Antonio R. Sistos
Margaret Pirnie Kammerud
50 California St.
San Francisco, CA 94111

Andrea Pallios Roberts
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Google Inc.*

Dated: September 12, 2013
1122264 / 34638

Pursuant to Fed. R. Civ. P 54(b) and D. Del. LR 7.1.5, Google respectfully seeks reconsideration of the Court's Order denying Google's motion for summary judgment on its breach-of-contract counterclaim.[1] Google respectfully brings this motion to correct a manifest error of law in the Court's Order regarding whether contract interpretation is a question of law or a question of fact.

The Court denied summary judgment, finding that "questions of fact" existed as to the proper interpretation of "conception" in Dr. Konig's employment agreement because that term was ambiguous. Specifically, the Court found questions of fact as to whether the parties intended to use the lay or legal definition of conception; and, alternatively, questions of fact as to Dr. Konig's understanding of the lay definition of conception. (D.I. 521 ("Order") at 15-16.) But under California law, which PUM admits governs the employment agreement, contract interpretation is generally a question of law and raises questions of fact only if there is conflicting extrinsic evidence. This is true even if a court finds the contract ambiguous. In the absence of conflicting evidence, a court must interpret the contract term; it is reversible error to send this legal issue to the jury.

Here, there is no conflicting extrinsic evidence as to the meaning of "conception" in Dr. Konig's employment agreement. PUM admitted at the summary judgment hearing that it introduced no extrinsic evidence at all on the issue of contract interpretation. (*See* Hearing Tr. 125:12-20 ("There is no evidence of any negotiation. There is no evidence of any discussion . . . . All we have at the moment is the agreement.")) Given the lack of conflicting extrinsic evidence, the Court's conclusion that an issue of fact exists as to the interpretation of the employment agreement was clear legal error. Thus, Google respectfully requests that the Court reconsider its holding and resolve the

[1] Pursuant to D. Del. LR 7.1.1, counsel for Google contacted counsel for PUM to request PUM's position regarding this Motion. As of the time of filing, PUM has not responded to Google's request.

interpretive issue as a matter of law. For all the reasons Google has previously shown, the Court should give "conception" its ordinary lay meaning. And as the undisputed evidence shows, under the ordinary lay meaning of "conception," the invention was "conceived" before Dr. Konig left SRI. PUM has never disputed this, instead arguing only that Dr. Konig had not yet conceived the invention in the patent law sense. Thus, the Court should grant summary judgment in Google's favor on the breach-of-contract counterclaim.

## Legal Standard

Under Fed. R. Civ. P. 54(b), any non-final order may be reconsidered and revised at any time prior to final judgment. "'The purpose of a motion for reconsideration,' we have held, 'is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Thus, such a motion may be granted when the party seeking reconsideration shows "the need to correct a clear error of law or fact." *Id.*

## Argument

### A. Finding an Issue of Fact Despite the Absence of Conflicting Extrinsic Evidence Violates Black Letter California Contract Law

This Court held that interpreting Dr. Konig's employment agreement presents a question of fact because the word "conception" in the agreement is ambiguous. (Order at 15.) This was a clear error of law. Contract interpretation, even for ambiguous contracts, is generally a question of law. *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 107 Cal.App. 4th 516, 524-25 (4th Dist. 2003). As indicated by the California Supreme Court case cited by this Court, *Parsons v. Bristol Dev. Co.*, 62 Cal. 2d. 861, 865 (1965), contract interpretation only becomes a question of fact when there is a conflict in the extrinsic evidence. This Court quotes *Parsons* as stating it is solely a "judicial function to interpret a written instrument unless the interpretation turns upon the credibility of extrinsic evidence." (Order at 15 (citing *Parsons*, 62 Cal. 2d at 865)). But *Parsons* makes clear that

this credibility determination is only required if there is conflicting extrinsic evidence. Indeed, *Parsons* explicitly states that "[s]ince there is no conflict in the extrinsic evidence in the present case we must make an independent determination of the meaning of the contract." 62 Cal. 2d at 866. This remains the law in California to the present day.[2] *See Scheenstra v. Cal. Dairies, Inc.*, 213 Cal. App. 4th 370, 390 (5th Dist. 2013) ("Even where uncontroverted evidence allows for conflicting inferences to be drawn, our Supreme Court treats the interpretation of the written contract as solely a judicial function. In this case, either no extrinsic evidence was presented regarding a particular ambiguity or any relevant extrinsic evidence was not in conflict. Therefore, we will resolve the ambiguities in the parties' contract by employing an independent standard of review.") (citing *Parsons*); *De Guere v. Univ. City Studios, Inc.*, 56 Cal. App. 4th 482, 506 (2d Dist. 1997) ("If the question of contract interpretation does not turn upon the credibility of conflicting extrinsic evidence, then the trial court must resolve the issues."); *Winet v. Price*, 4 Cal. App. 4th 1159, 1166 (4th Dist. 1992) ("[W]hen the competent parol evidence is not conflicting, construction of the instrument is a question of law"); *Tautges v. Global Datacenter Mgmt., Inc.*, No. 09-785, 2010 WL 3384980, *3 (S.D. Cal. Aug. 26, 2010) ("If no parol evidence is introduced to interpret the contract, or if the evidence is not contradictory, the trial court's resolution of the ambiguity is a question of law.")

---

[2] This Court's Order does cite the Restatement of Contracts for the proposition that "a choice among reasonable inferences to be drawn from extrinsic evidence" can be a question of fact. (Order at 15 (citing Restatement (Second) of Contracts § 212 (1981)). But the Restatement is not an authoritative statement of California contract law; it is a secondary authority on contract law as a whole. California law unequivocally states: "Even where uncontroverted evidence allows for conflicting inferences to be drawn, our Supreme Court treats the interpretation of the written contract as solely a judicial function." *Scheenstra v. Cal. Dairies, Inc.*, 213 Cal. App. 4th 370, 390 (5th Dist. 2013) (citing *Parsons*, 62 Cal. 2d at 865). In any event, PUM has never offered any inference from the extrinsic evidence that would allow the Court to resolve the meaning of "conception" in PUM's favor.

Indeed, it is settled California law that the mere existence of a contractual ambiguity does not create an issue of fact. "If the contract is capable of more than one reasonable interpretation, it is ambiguous, and it is the court's task to determine the ultimate construction to be placed on the ambiguous language by applying the standard rules of interpretation in order to give effect to the mutual intention of the parties." *Lockyer*, 107 Cal. App. 4th at 524-25 (emphasis added).

The case of *Medical Operations Management, Inc. v. National Health Laboratories, Inc.,* 176 Cal. App. 3d 886 (4th Dist. 1986) is particularly instructive. In *Medical Operations Management,* the trial court sent a breach-of-contract claim, including the contractual interpretation questions, to the jury. *See id.* at 890. The California Appeals Court reversed. In doing so, the Appeals Court acknowledged at the outset that the relevant contractual language could be ambiguous. *See id.* at 893. But the court further noted that "although the parties hotly dispute the inferences to be drawn from this extrinsic evidence, the evidentiary facts themselves are not in conflict." *Id.* at 892. Thus, the Appeals Court held that "the trial court erred in submitting the issue of the Agreement's interpretation to the jury. That issue presented solely a question of law." *Id.* at 895.

Applying these principles of California law, it was a clear error of law to hold that the interpretation of the term "conception" in Dr. Konig's employment agreement raises a question of fact because there is no conflicting extrinsic evidence regarding the meaning of this contractual term. Indeed, PUM admitted at the summary judgment hearing that it presented no extrinsic evidence at all.[3] (*See* Hearing Tr. 125:12-20 ("There is no evidence of any negotiation. There is no evidence of any discussion . . . . All we have at the moment is the agreement.") Because there is no conflicting extrinsic evidence as to the meaning of "conception," it was clear legal error for the Court to hold

[3] Only Google provided extrinsic evidence, which showed that Dr. Konig's only understanding of conception at the time of contracting was a lay understanding. (*See* Order at 15 (citing this evidence)).

that the question of whether to apply the lay or legal meaning presents a factual question warranting denial of summary judgment. It was likewise clear legal error for the Court to hold that the question of whether Dr. Konig had a specific lay definition of conception in mind presents a factual question.[4]

### B. Once "Conception" Is Given its Ordinary Lay Meaning As a Matter of Law, There Is No Dispute to Preclude Summary Judgment

Dr. Konig testified that his only understanding of conception was a lay understanding. (Order at 15). And there is no conflicting evidence (or more specific evidence) of what he thought lay conception to mean. Given this lack of any further evidence, as explained in Google's summary judgment papers (D.I. 493 at 2) and at the hearing (Hearing Tr. at 112:20-22), Cal. Civ. Code §1644 requires that "conception" be given its ordinary lay meaning. Section 1644 erects a presumption that "words in a contract are to be understood in their ordinary and popular sense; rather than according to their strict legal meaning." Cal. Civ. Code § 1644. PUM has never rebutted this presumption. In fact, PUM provided no evidence at all as to how the agreement should be interpreted. Thus, the Section 1644 presumption of ordinary and popular meaning must be applied.[5] *See Sayble v. Feinman*, 76 Cal. App. 3d 509, 514 (2d Dist. 1978) ("the words of the contract are to be understood in their ordinary and popular sense, rather than in their strict legal meaning unless there is evidence the parties intended to use them in a technical sense or to give them a special meaning." (emphasis added)).

Once "conception" has been properly interpreted to have its ordinary lay meaning, as the Court should do as a matter of law, there is no remaining dispute to preclude summary judgment. PUM stated at the hearing that "the ordinary definition" of conception "is just a notion or idea."

---

[4] PUM first argued at the summary judgment hearing that the interpretation of "conception" raises a factual issue, thereby encouraging the Court to make reversible error. (Hearing Tr. 126:24-127:11.) This argument did not appear in PUM's summary judgment papers.

[5] Rather than providing any evidence bearing on the proper interpretation of "conception," PUM just asserted that this term should be given a patent-law meaning. (D.I. 452 at 10.)

(Hearing Tr. 126:12-13.) PUM's briefing and oral argument never disputed that, as shown by the copious evidence Google presented, Dr. Konig's invention was "conceived" in the ordinary lay sense by the time he left SRI. PUM only disputed whether patent-law conception occurred when Konig was at SRI. (D.I. 452 at 10-11; *see also* Order at 14-15 ("PUM responds that under the legal definition of conception, Dr. Konig did not conceive of the invention during his time at SRI . . .") (emphasis added).

Accordingly, Google respectfully requests that the Court reconsider its holding that the interpretation of "conception" raises a factual issue, give this word its ordinary lay meaning as a matter of law, and grant summary judgment to Google on its breach-of-contract claim.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Google Inc.*

OF COUNSEL:

Charles K. Verhoeven
David A. Perlson
Joshua Lee Sohn
Antonio R. Sistos
Margaret Pirnie Kammerud
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California St.
San Francisco, CA 94111
Tel.: (415) 875-6600

Andrea Pallios Roberts
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Tel.: (650) 801-5000

Dated: September 12, 2013
1122264 / 34638

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on September 12, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 12, 2013, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Jeremy A. Tigan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Fl.
P.O. Box 1347
Wilmington, DE 19899-1347
klouden@mnat.com
jtigan@mnat.com

Marc S. Friedman
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
marc.friedman@dentons.com

Jennifer D. Bennett
Matthew P. Larson
Dentons US LLP
1530 Page Mill Road, Ste. 200
Palo Alto, CA 94304-1125
jennifer.bennett@dentons.com
matthew.larson@dentons.com

Mark C. Nelson
Robert Needham
Dentons US LLP
2000 McKinney, Suite 1900
Dallas, TX 75201
mark.nelson@dentons.com
robert.needham@dentons.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

932168 / 34638