IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PERSONALIZED USER MODEL, L.L.P., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 09-525-LPS |
| GOOGLE INC., | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

At Wilmington this 28th day of October, 2013:

IT IS HEREBY ORDERED that:

1. Defendant Google Inc. ("Google") has moved for reconsideration of the Court's September 9, 2013 Order (D.I. 522), which denied Google's motion for summary judgment on its breach of contract counterclaim. (D.I. 523) Google's motion for reconsideration (D.I. 523) is DENIED.

2. Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a

request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café ex rel. LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

3. Google has failed to show that the requirements for reconsideration are met here. Google contends that the Court committed a "manifest error of law . . . regarding whether contract interpretation is a question of law or a question of fact." (D.I. 523 at 1) In Google's view, the Court clearly erred in denying Google's motion for summary judgment based on the conclusion that the meaning of "conception" in the pertinent employment agreement was ambiguous, as the record is purportedly devoid of conflicting evidence as to this contractual ambiguity. According to Google, under governing California law, the Court must resolve any such ambiguity itself, as a matter of law. However, it is also true – as Google acknowledges (*see, e.g.*, D.I. 523 at 1, 2, 3) – that California law provides that where there is "conflicting extrinsic evidence" relating to a disputed contractual term, summary judgment is inappropriate. *See, e.g., De Guere v. Univ. City Studios, Inc.*, 56 Cal. App. 4th 482, 506 (2d Dist. 1997) ("*If* the parties present conflicting extrinsic evidence regarding the interpretation of the contract . . ., the credibility issues must be resolved by a jury, if a jury is properly demanded. . . . *If* the question

of contract interpretation does not turn upon the credibility of conflicting extrinsic evidence, then the trial court must resolve the issues.") (emphasis added). Plaintiff Personalized User Model, L.L.P. ("PUM") has pointed to evidence which a reasonable factfinder could view as both "conflicting" and relevant to the meaning of "conception" in the employment agreement. *See, e.g.*, D.I. 530 at 4-5 (explaining, with citations to record, that "record is replete with extrinsic evidence concerning the circumstances surrounding the Employment Agreement"); *see also Parsons v. Bristol Dev. Co.*, 62 Cal. 2d 861, 865 (Cal. 1965) ("[It is a] judicial function to interpret a written instrument *unless* the interpretation turns upon the credibility of extrinsic evidence . . . .") (emphasis added). It follows, then, that summary judgment is not warranted.[1]

4. Google has also moved for leave to file a reply brief in support of its motion for reconsideration. (D.I. 531) Ordinarily, parties are not permitted to file reply papers in support of a motion for reargument. *See* D. Del. LR 7.1.5(a) ("The Court will determine from the motion and answer whether reargument will be granted."). Although the Court has reviewed Google's proposed reply brief (D.I. 531 Ex. 1), it does not believe a reply brief is warranted under the circumstances. Accordingly, Google's motion to file a reply brief (D.I. 531) is DENIED.

5. The parties have also failed to agree as to what additional proceedings are required to conclude the liability portion of this case, and on what schedule. After considering the parties' proposals (*see* D.I. 529), as well as the Court's schedule, the Court has concluded that the following procedures and schedule shall govern:

  a. A jury trial will commence on **March 10, 2014**, at which the parties will

---

[1] PUM also points out that "Google never previously argued that, under California law, the Court should determine the meaning of 'conception' as a matter of law based on the purported lack of conflicting extrinsic evidence." (D.I. 530 at 4)

3

be given a maximum of twenty-two (22) hours per side to present their case, with a final allocation to be addressed at the pretrial conference. The Court recognizes that this may impose some hardship on Defendant, given other trial commitments of Google's counsel. (*See* D.I. 529 at 3) However, the Court believes that there is adequate time for Google to prepare its defense; this case has been pending for more than four years; and the Court's schedule does not permit it to accommodate Google's request for a trial in May 2014 (the next available date for a trial of this length would be July or August 2014).

b. PUM's request for a separate bench trial on statute of limitations issues is denied. To the extent there are factual disputes relating to statute of limitations, they will be tried at the March 2014 jury trial.

c. The pretrial conference will be held on **February 26, 2014** beginning at 2:00 p.m. The proposed final pretrial order is due on **February 19, 2014**.

d. Given the ambiguity as to the proper time for filing *Daubert* motions in this case, the Court will permit the parties another opportunity to file such motions. Any *Daubert* motions must be filed in sufficient time as to permit all briefing to be completed no later than the date for the submission of the proposed final pretrial order.

_____
UNITED STATES DISTRICT JUDGE