IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PERSONALIZED USER MODEL, L.L.P., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 09-525-LPS |
| | : | |
| GOOGLE INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

### MEMORANDUM ORDER

Pending before the Court are:

1. The parties' competing proposals for the order of proof at trial and how to handle the examination of witnesses (D.I. 623);

2. PUM's Motion *in Limine* to Preclude Google from Referring to Recent Changes in the Accused Technology (D.I. 611); and

3. PUM's Motion Regarding the Statute of Limitations Applicable to Google's Breach of Contract Defense and Related Counterclaim (D.I. 610).

**I.    Order of Proof (D.I. 623)**

IT IS HEREBY ORDERED that the Court ADOPTS Google's proposed order of proof, as shown below and as amended, to permit each party to reply to the other side's rebuttal on any issue for which a party bears the burden of proof. Accordingly, trial will proceed in four phases, such that each party will go first and last on each issue on which that party bears the burden of proof, as follows:

Phase 1
PUM's Infringement case

1

Phase 2
Google's Rebuttal on Infringement
Google's Invalidity case
Google's Breach of Contract case

Phase 3
PUM's Reply on Infringement
PUM's Rebuttal on Invalidity
PUM's Rebuttal on Breach of Contract, including defenses to breach of contract
    (Cal. Labor Code § 2870; Statute of Limitations)

Phase 4
Google's Reply on Invalidity
Google's Reply on Breach of Contract

PUM's request that Dr. Konig be permitted to provide the full scope of his testimony in PUM's affirmative case (Phase I), instead of testifying separately with respect to infringement, validity, and breach of contract, is DENIED. The Court believes Dr. Konig's testimony can be segregated. Google will not be permitted to engage in redundant cross-examination.

## II. PUM's Motion *in Limine* to Preclude Google from Referring to Recent Changes in the Accused Technology (D.I. 611)

PUM argues that it did not have the opportunity to determine whether changes – actual, recent changes, as well as changes that may or will happen sometime in the future – in Google's Accused Technologies render the Accused Technologies infringing or non-infringing. Google seeks to introduce evidence of these changes as part of its invalidity case, as probative of Google's contention that the patents-in-suit are not commercially successful. While the Court agrees with Google that such evidence may be probative of the lack of commercial success of the patents in the pertinent time frame, the Court finds that the risk of unfair and undue prejudice to PUM, as well as the risk of juror confusion, substantially outweigh this probative value. The Court is not persuaded that PUM had a full and fair opportunity to take discovery into the

2

changes in the Accused Technologies, particularly as the changes occurred after the close of fact discovery (and PUM could have reasonably believed that evidence of such changes would not be admissible at trial). Accordingly, IT IS HEREBY ORDERED that PUM's motion (D.I. 611) is GRANTED.

The Court does share Google's concern that its ruling may put certain witnesses in an awkward position, in which potentially they may have to testify in a manner that is not fully truthful in order not to reveal to the jury recent changes in the Accused Technologies. This is not a good reason, however, to deny PUM's motion. Instead, to address Google's concern, the Court will require counsel to ask precise questions, focusing on the time frame at issue. Additionally, the Court will instruct the jury, in substance, of the following:

> Ladies and gentlemen of the jury, the Google products and services accused by PUM of infringement are those versions of the products and services as they existed on [date]. There may have been changes to these products after that date. You will not be hearing evidence of any such changes that occurred after that date. Necessarily, then, the attorneys will be asking questions addressed to the accused products and services as they existed on [date], and the witnesses will be giving answers as to how those products and services existed on that same date. You may see witnesses struggle to answer these questions because they may need to put themselves back in the time frame at issue and may need to put out of their mind any changes that occurred after [date].

The Court intends to give an instruction substantially similar to that provided above no later than during the testimony of the first witness to whom it is pertinent. The Court will also consider including such an instruction in its preliminary instructions to the jury. The parties shall meet and confer and file a joint letter, **no later than 12:00 noon on Saturday, March 8**, advising the Court of any modifications to its proposed instruction and their view(s) as to when it will be appropriate to provide this instruction to the jury.

III. **PUM's Motion Regarding the Statute of Limitations Applicable to Google's Breach of Contract Defense and Related Counterclaim (D.I. 610)**

On February 26, 2014, the Court invited PUM to file a motion relating to the legal framework governing the statute of limitations applicable to Google's breach of contract claim. (D.I. 606 at 10) Having reviewed that motion and the related filings, the Court agrees with Google that it is, in essence, an untimely motion for summary judgment, and not merely a motion seeking clarification of the governing law. (*See* D.I. 610) Accordingly, IT IS HEREBY ORDERED that PUM's motion (D.I. 610) is DENIED.

March 6, 2016

_____
UNITED STATES DISTRICT JUDGE