# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

**LEONARD P. STARK**
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
844 KING STREET
UNIT 26
WILMINGTON, DE 19801-3556

April 7, 2014

Karen Jacobs
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, Delaware 19899

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 North Market Street
Wilmington, Delaware 19809

RE: *Personalized User Model, L.L.P. v. Google, Inc.,*
C.A. No. 09-525-LPS

Dear Counsel:

I have completed my review of the parties' proposals for how this matter should proceed (D.I. 676), as well as the motions for judgment as a matter of law ("JMOL") that were filed during trial and the papers associated with them (D.I. 656, 657, 665, 669, 670). As a result, I have formed tentative views as to how any motions challenging the verdict are likely to come out. Those inclinations have informed my decision as to how this matter should proceed. I thought it would be beneficial for you to know my tentative views of the motions, in the hope that this will make any additional motions and briefing more focused and easier for me to resolve more efficiently.

As you know, prior to the jury reaching its verdict, Google asked the Court to enter judgments as a matter of law of non-infringement, invalidity, and breach of contract. My view at this point is that Google's motion was rendered moot by the jury's verdict in favor of Google on all three issues (*see* D.I. 666) and, if it is not moot, I would likely deny Google's motion in all

respects. As you also know, during trial PUM asked the Court to enter judgments as a matter of law of infringement, validity, and no breach of contract. My view at this point is that I will likely deny PUM's motions with respect to infringement and validity but likely will grant PUM's motion with respect to breach of contract.

## BACKGROUND

This is a patent infringement action filed by Plaintiff, Personalized User Model, L.L.P. ("PUM"), against Defendant Google, Inc. ("Google"). PUM alleges that Google infringes U.S. Patent Nos. 6,981,040 ("the '040 Patent") and 7,685,276 ("the '276 Patent") (collectively "the Patents-in-Suit"). Google denies that it has infringed the Patents-in-Suit. Google further alleges that the asserted claims of the Patents-in-Suit are invalid. Google also filed counterclaims for a judicial declaration that it does not infringe any of the asserted claims of the Patents-in-Suit and that the asserted claims of the Patents-in-Suit are invalid.

Google additionally filed a third-party complaint and counterclaim for a judicial declaration that Google is a co-owner of the Patents-in-Suit. Google further counterclaimed for breach of contract by Yochai Konig, a named inventor of the Patents-in-Suit, with respect to his employment agreement with his former employer (SRI), for conversion by PUM and Dr. Konig, and for imposition of a constructive trust against PUM and Dr. Konig. PUM denies that Google's claims have any merit and further contends that Google's claims are time-barred under the applicable statute of limitations and the doctrine of laches. PUM further contends that Dr. Konig's inventions are protected by Section 2870 of the California Labor Code.

The Court bifurcated infringement and invalidity from damages and further separated Google's claims for conversion and constructive trust for a separate proceeding.

The Court held a seven-day jury trial on infringement, invalidity, and Google's breach of contract counterclaim starting March 10, 2014. On March 20, the jury issued a verdict finding that Google did not infringe any of the Patents-in-Suit and that the Patents-in-Suit were invalid due both to anticipation and obviousness. The jury also found that Google's breach of contract claim was not time-barred, that Google properly acquired the right to assert its breach of contract claim against Dr. Konig, that Dr. Konig breached his employment agreement, and that the invention was not protected by Section 2870 of the California Labor Code. (*See* D.I. 666)

## APPLICABLE LEGAL STANDARDS

The "grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Summit Tech, Inc. v. Nidek Co.*, 363 F.3d 1219, 1223 (Fed. Cir. 2004). The Court of Appeals for the Third Circuit has held that, pursuant to Federal Rule of Civil Procedure 50(a), a court may render judgment as a matter of law after the moving party is fully heard on an issue at trial if there is no legally sufficient evidentiary basis for a reasonable jury to find for the party opposing the motion on that issue. *See Walter v. Holiday Inns, Inc.*, 985 F.2d 1232, 1238 (3d Cir. 1993).

## DISCUSSION

### Infringement

Each element contained in a patent claim is deemed material to defining the scope of the patented invention and it is the patentee's burden to prove by a preponderance of the evidence that the accused systems practice every limitation in an asserted method claim. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997); *see also Inpro II*

*PUM v. Google, 09-525-LPS*
April 7, 2014
Page 4

*Licensing, S.A.R.L. v. T-Mobile USA, Inc.*, 450 F.3d 1350, 1357-58 (Fed. Cir. 2006). "[F]ailure to meet a single limitation is sufficient to negate infringement of the claim . . . ." *Nomos Corp. v. Brainlab USA, Inc.*, 357 F.3d 1364, 1367 n.1 (Fed. Cir. 2004) (internal citation omitted).

The Court is inclined to deny PUM's motion for JMOL on infringement. Following a seven-day trial, the jury returned a verdict finding that none of Google's accused products infringed any of the asserted claims of the Patents-in-Suit. (D.I. 666) This verdict must stand as long as sufficient evidence was presented to allow a reasonable juror to find that at least one element of each asserted claim was missing from each accused Google system. *See Nomos Corp.*, 357 F.3d at 1367 n.1. The Court believes that, at the very least, the jury could reasonably find non-infringement based on PUM's failure to prove, by a preponderance of the evidence, that the "documents" limitation is present in any accused Google systems.

In completing the verdict sheet, the jury did not write "YES" or "NO" in the section asking if Google's SearchAds product and Content Ads/YouTube products infringed under the doctrine of equivalents ("DOE"). (D.I. 666) With respect to each inquiry regarding whether Google's products literally infringed any of the asserted claims of the Patents-in-Suit, the jury wrote "NO." Upon hearing the verdict read, Google requested at side-bar that the jury be directed to continue deliberations and be instructed to answer the question of whether Google infringed under the DOE. (Tr. at 2045 ln. 8-10) ("THE COURT: So what would you propose? MR. PERLSON: That they be directed to answer that question.") PUM opposed this request and did not seek any affirmative relief:

> MR. FRIEDMAN: I think the verdict is the verdict. I'm not sure you can direct them to go back and answer the question

. . .

| | |
|---|---|
| MR. HORWITZ: | We'll just make our position on the record. We think you should go back on the record and instruct them so there is no argument plaintiff can make later either, to you or to the Federal Circuit, that that should have happened during this trial. |
| THE COURT: | All right. Is plaintiff asking me to do that? It sound[s] like you are not asking me to do that. |
| MR. FRIEDMAN: | We are not asking. |

(Id. at 2045 ln. 12-14, 2046 ln. 11-19)

It is unlikely that what occurred at sidebar is going to result in this Court granting JMOL (or a new trial) – even if asked – at least because PUM seems to have waived its right to seek relief and because it is evident the jury found PUM failed to meet its burden to prove infringement under the DOE by a preponderance of the evidence (given the jury's failure to write "YES").[1]

**Invalidity**

To anticipate a claim under 35 U.S.C. § 102, a single prior art reference must disclose every limitation of the claim. See Rockwell Int'l Corp. v. U.S., 147 F.3d 1358, 1363 (Fed. Cir. 1998). For a claim to be obvious, "the differences between the subject matter sought to be patented and the prior art [have to be] such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which

---

[1] I would further observe that DOE was given scant attention by the parties at trial and, given the emphatic message of the overall verdict – for Google on every point, against PUM on every point – there is no basis to conclude that the jury thought (or, if pressed, would have revealed) that PUM met its burden on DOE.

said subject matter pertains." 35 U.S.C. § 103(a) (2006).

The Court is unlikely to grant PUM JMOL of no invalidity. At trial, Google's invalidity expert, Dr. Fox, opined that each element of all asserted independent claims of the '040 and '276 patents were anticipated. The jury could reasonably have found Dr. Fox credible and persuasive and relied on his opinion, and the evidence which he cited, to find clear and convincing evidence of anticipation. Dr. Fox also provided a sufficient evidentiary basis for finding obviousness, including the combination of prior art references he addressed. The jury could reasonably have concluded PUM failed to prove secondary considerations of non-obviousness, for reasons including that there may not have been (in the jury's view) proof of a nexus between the Patents-in-Suit and Google's commercial success. The jury could reasonably have found that Utopy's lack of commercial success at the time it owned the Patents-in-Suit was probative of whether Google's commercial success was tied to Google's alleged practice of Plaintiff's patented technology.

**Breach of Contract**

The Court is likely to grant JMOL to PUM and Dr. Konig of no breach of contract. As an initial matter, the Court agrees with PUM that Delaware's borrowing statute (10 Del. C. § 8121) controls this dispute, and prevents Google from asserting its breach of contract counterclaim in Delaware, for the reasons set forth in the parties' pre-trial briefing. (*See* D.I. 610, 620) Second, the Court further agrees with PUM that Delaware's nonresident tolling statute (10 Del. C. § 8117) does not extend the statute of limitations (10 Del. C. § 8106) for Google's breach of contract claim beyond three years. (D.I. 610) Section 8117 only extends the three-year statute of limitations when the injury suffered by the claimant was "inherently unknowable" and

the "claimant was blamelessly ignorant" of the wrongful act. *Wal-Mart Stores, Inc. v. AIG Life Inc. Co.*, 860 A.2d 312, 319 (Del. 2004). The pertinent inquiry is not whether the claimant would know to a certainty that it had a claim, but rather at what point it had (or through reasonable diligence, would have had) a basis to begin to investigate whether it had a claim. *See Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 2012 WL 3201139, at *22-23 (Del. Ch. Aug. 7, 2012). In the Court's view, no reasonable jury would have a legally sufficient evidentiary basis to find that the injury to SRI was "inherently unknowable" until after February 2008 (as Google brought its counterclaim in February 2011). The evidence at trial showed, among other things, that SRI's Mr. Sonmez beta tested Utopy's product, which was an embodiment of the Patents-in-Suit, and that the Patents-in-Suit were issued in 2005 and 2008 and, therefore, available to the public. SRI, through reasonable diligence, would have had a basis to begin to investigate whether Dr. Konig breached his SRI employment agreement well before February 2008 and any injury to it was far from "inherently unknowable."

Google argues that the date of conception was inherently unknowable because the only evidence of it was in confidential Utopy documents that only became available to Google because of this litigation. However, SRI could have inquired (of Dr. Konig, for example) about the date of conception at any time after Dr. Sonmez (or anyone else at SRI) beta tested the embodiment of the patented technology. The '040 patent's application was filed in December 1999, just months after Dr. Konig left SRI; the close proximity of these events – which SRI could have known by December 2005, when the patent was published – gave SRI, in the exercise of

*PUM v. Google, 09-525-LPS*
April 7, 2014
Page 8

reasonable diligence, a basis to investigate when Dr. Konig conceived of the inventions.[2]

## FURTHER PROCEEDINGS

Given my tentative views as to how the JMOL motions will come out, I believe it would be best for the parties and the Court if the parties now determine whether they wish to further litigate JMOL issues and/or seek a new trial on any of the issues that have been tried. The parties should meet and confer and propose as compressed a schedule as possible for the submission of short briefs so the Court can determine in an efficient manner whether to adhere to its inclinations and enter judgment. In the meantime, until either side persuades the Court its view of the issues is wrong, the Court sees no basis for the additional proceedings (i.e., a bench hearing on equitable issues and jury trial on damages) requested by Google.

The Court will issue an Order directing the parties to provide their specific proposal(s) for how this case should proceed, taking account of what I have set out in this letter.

Sincerely,

Honorable Leonard P. Stark
United States District Judge
District of Delaware

---

[2] If I need to reach the issue of whether Google proved Dr. Konig breached his contract with SRI, I will likely uphold the jury's finding of such a breach, as Google presented evidence from which a reasonable juror could find that Dr. Konig "conceived of" the invention before terminating his employment with SRI and that the invention likely does not fall within the protective ambit of California's Section 2870.